## NANCE v. ANDERSON CO.

CONSTITUTION—COUNTY OFFICERS.—ACT 23, STAT. 293, providing salaries for officers of certain counties and exempting other counties from its provisions, is obnoxious to subs. 10, 11, and 12 of sec. 34, of art. III., of Con. of 1895.

Before BENET, J., Anderson, March, 1901.    Affirmed.

Claim by R. Y. H. Nance against Anderson County for fees as probate judge in proceedings in lunacy. From order disallowing claim, he appeals to Circuit Court. From order reversing disallowance, county appeals.

*Messrs. Breazeale & Rucker,* for appellant, cite: Con., art. III., sec. 34, subs. 10, 11 and 12; 59 S. C., 110; 1 Ency., 2 ed., 927.

*Messrs. Tribble & Prince* and *E. G. McAdams,* contra. Mr. Tribble cites: 59 S. C., 110; art. III., sec. 34, subs. 10, 11 and 12, Con.

June 4, 1901.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    The facts out of which this contro- versy arose are set forth in the order of his Honor, the Cir- cuit Judge, which is as follows: "The above cause came up before me on appeal at this, the March term of Court, 1901, on exceptions to the action of the county commissioners.    It appears that the appellant is probate judge for Anderson County, and filed with the board of county commissioners an account for the sum of five dollars, for proceedings in lunacy to be audited and approved by said board.    The board re- jected said claim on the ground that the probate judge for said county was put on a salary by virtue of 'An act relating to the fees and salaries of county officers of the several coun- ties in the State,' approved February 19th, 1900, in lieu of costs and fees.    The appellant by his exceptions attacks the constitutionality of said act, and contends that said act is local and special legislation, which is contrary to sec. 34, art. III., subdivisions 10, 11, 12 of said section.    After argu- ment of counsel, and an inspection of the said act, it appears to the Court that said act is unconstitutional." * * *

The act to which he refers (23 Stat., 293,) contains the following provisions: "That the officers of the several coun- ties in this State herein named shall receive the following compensation. * * * Anderson County—The county offi- cers shall receive salaries as follows * * * probate judge, twelve hundred dollars * * * Sec. 5. This act shall not apply to the counties of Oconee, Greenville, Clarendon, Dor- chester, Horry, Hampton, Georgetown, Kershaw, Green- wood, Pickens, Cherokee, Chesterfield, Darlington, Edge-

field, Bamberg, Spartanburg, Union, Lexington, Aiken, Richland, Florence, Saluda, Marlboro, Chester, Williamsburg, Lancaster, York, Barnwell, and Sumter, nor in Abbeville County except as herein provided" * * * In some of the counties mentioned in said act the officers are to receive fees as compensation, while in others they are to be paid salaries. Sec. 34, art. III., of the Constitution, contains the following provisions: "The General Assembly of this State shall not enact local or special laws concerning any of the following subjects, or for any of the following purposes, to wit: * * * X. To fix the amount or manner of compensation to be paid to any county officer, except that the laws may be so made as to grade the compensation in proportion to the population and necessary service required. XI. In all other cases, where a general law can be made applicable, no special law shall be enacted. XII. The General Assembly shall forthwith enact general laws concerning said subjects for said purposes, which shall be uniform in their operations: *Provided,* That nothing contained in this section shall prohibit the General Assembly from enacting special provisions in general laws." In the case of *Dean* v. *Spartanburg County,* 59 S. C., 110, this Court, in construing the foregoing provisions of the Constitution, uses this language: "The copulative conjunction is used in the Constitution, and shows that in grading the compensation it must not only be in proportion to the necessary service required, but also in proportion to the population." The Court also says: "It is also contended that the act of 1896 falls under the proviso in subdivision 12, hereinbefore mentioned, which is as follows: '*Provided,* That nothing contained in this section shall prohibit the General Assembly from enacting special provisions in general laws.' It is manifest, from even a casual reading of the Constitution, that 'local or special laws' and special provisions in general laws do not mean the same thing, and that they were intended to be construed in such a manner that neither would practically destroy the force of the other. Furthermore, as the act of 1896 was not

a 'general law,' it did not come within the purview of the said *proviso*. In order that a law may be general, it must be of force in every county in the State, and, while it may contain special provisions making its effect different in certain counties, those counties cannot be exempt from its entire operation." An act fixing the amount or manner of compensation to be paid to county officers, must either be general in its provisions throughout the State, or, if it is intended to exempt certain counties from its operation, it must appear upon the face thereof that the compensation in those counties so exempt is graded in proportion to population and the necessary service required, so that its provisions may be applicable to all counties in which like conditions exist. The act under consideration failed to comply with these requirements, and is, therefore, unconstitutional.

The judgment of the Circuit Court is affirmed.