[No. 10589. Department One. May 21, 1913.]

GREAT NORTHERN RAILWAY COMPANY et al., Appellants, v.
THE CITY OF SEATTLE, Respondent.[1]

MUNICIPAL CORPORATIONS — IMPROVEMENTS—ASSESSMENTS—DETER-
MINATION OF BENEFITS—REVIEW BY COURTS. The determination by a
city council that property within an assessment district will be bene-
fited by the improvement cannot be reviewed by the courts, in the
absence of any showing of fraud or arbitrary action.

SAME—PROPERTY BENEFITED—RAILROAD PROPERTY. Railroad prop-
erty abutting upon a street may be benefited by a local improvement
and assessed for the benefits, although it is devoted exclusively to
railroad purposes.

SAME—PROPERTY SUBJECT — ABUTTING PROPERTY—DISTINCT LOTS.
Under a city charter providing that abutting property shall be
assessed to a distance of at least ninety feet from the line of the im-
proved street, uplands and contiguous tide lands, without any inter-
vening street or alley, should be included for at least the minimum
distance, notwithstanding that the uplands and tide lands had been
separately platted into distinct lots, where it appears that the rela-
tive positions of the tide lands and uplands is such that the con-
tiguous lots constitute practically but one lot.

SAME — METHODS OF CASTING ASSESSMENTS—OBJECTIONS—PREJU-
DICE—WAIVER. Objections to the method of casting assessments for
benefits which were not made to the city council or the superior court
cannot be asserted on appeal, in the absence of a showing that the
appellants were prejudiced by the method adopted, or that assess-
ments cast under the proper method would have reduced appellants'
assessments had it been applied to all the property assessed.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered January 9, 1912, in favor of the
defendant, confirming an assessment for a local improvement
on appeal from an order of the city council, after a hearing
on the merits before the court. Affirmed.

*Bogle, Graves, Merritt & Bogle, C. H. Winders, F. C.
Brown*, and *F. G. Dorety*, for appellants.

*James E. Bradford* and *William B. Allison*, for respondent.

[1]Reported in 132 Pac. 234.

CROW, C. J.—On January 3, 1911, the city of Seattle, by resolution, declared its intention to improve Elliott avenue; and on March 30, 1911, the council, by Ordinance No. 26,800, created an assessment district and ordered the improvement to be made in accordance with plans then prepared. On June 30, 1911, the assessment roll was filed. To this roll, the Great Northern Railway Company, Northern Pacific Railway, Oregon-Washington Railway & Navigation Company, and Oregon-Washington Railway Company, owners of property within the district, interposed timely written objections. After hearing these objections, the city council approved the roll. Thereupon separate appeals were prosecuted to the superior court of King county, where the appeals were consolidated, and the order of the city council was affirmed. The objectors have appealed to this court.

The assessment was levied to provide funds to pay the expense of regrading, paving, and otherwise improving Elliott avenue for a distance of about ten blocks. Prior to the improvement, Elliott avenue was an ungraded water front street, lying between, and practically parallel to, Railroad avenue and Western avenue. The improvement provided for a gradually ascending grade, so that Elliott avenue, which extended along a side hill, might be used as an approach to Western avenue at the top of a bluff. To aid in this purpose, a diagonal right of way was procured for a distance of about two blocks, which changed the course of Elliott avenue from its intersection with Bell street to the intersection of Lenora street and Western avenue, and a portion of Elliott avenue as originally platted was vacated. The evidence shows that property immediately west of Elliott avenue and between it and Railroad avenue, a considerable portion of which is owned by appellants, is located at a considerable depth below the new grade, at some points as much as forty or fifty feet, while other property immediately east of Elliott avenue will be above the new grade. Much of appellants' property involved in this appeal, abutting upon and west of Elliott avenue, ex-

19—73 WASH.

tends to Railroad avenue, the distance from one street line to the other being 120 feet. Substantially half of this property, which abuts upon Elliott avenue to the east, is platted upland, while the remainder, which abuts upon Railroad avenue to the west, is platted tide land. The plats show that the tide land is contiguous to and adjoins the upland, and that a single tide land lot and the adjoining upland lot physically constitute but one continuous lot, abutting upon Railroad avenue to the west and upon Elliott avenue to the east, not a total depth of 120 feet between the two avenues. It therefore appears that, although the tide land and upland lots were separately platted, their relative situation is such that two contiguous lots extending east and west practically constitute but one lot.

Appellants insist that the only purpose of this proposed improvement is to provide a thoroughfare with an easy grade from Ballard, Interbay, Fort Lawton, and other points to the main business district of the city; that appellants' property already abuts upon improved streets, which furnish access superior to that which will be furnished by the proposed improvement; that their property west of Elliott avenue is fifty feet or more below the proposed grade and will not be benefited; that cross-streets extending to the east from Elliott avenue are to be improved, but that they will not be improved to the west towards Railroad avenue; that the use of appellants' property on the lower side of Elliott avenue is permanently devoted to railroad purposes; that it cannot be used for any other purpose; that if not thus used it would only be available for warehouses fronting on Railroad avenue and would not be benefited; that the assessment district includes property within ninety feet of the street, whether the same abuts on Elliott avenue or not; and that the assessment was cast in compliance with the provisions of ch. 98, Laws 1911, p. 441, whereas it should have been cast in compliance with the provisions of subd. 3, §11, art. 8, of the Seattle Charter.

The only evidence introduced in addition to that of appel-

lants' witnesses was the assessment roll.  All objections upon which appellants now rely, save and except their objection that the assessment was cast in compliance with the act of 1911, go to the question of benefits conferred.  The assessment district created by ordinance includes their property as the property which will be benefited.  There was evidence that appellants' property below the grade of Elliott avenue would be benefited, as warehouses or other buildings could be constructed thereon with street grade approaches to upper stories from Elliott avenue, and like approaches to the lower stories from Railroad avenue.  Much of appellants' property is now devoted to railroad uses and may so continue, but that fact does not preclude a finding that it may be benefited by the improvement.  Substantially all the questions here presented have been settled against appellants' present contention in *Northern Pac. R. Co. v. Seattle,* 46 Wash. 674, 91 Pac. 244, 123 Am. St. 955, 12 L. R. A. (N. S.) 121.  In that case, after citing, quoting from, and discussing numerous authorities, we in substance held that the determination by the city council that property within the assessment district created by ordinance would be benefited by a local improvement was a legislative act, which could not be reviewed by the courts in the absence of any showing of fraud or arbitrary action.  No such showing appears in the record before us, although appellants strenuously insist that arbitrary action upon the part of the municipal authorities does appear from the roll itself and the evidence disclosing the physical situation.  In the case cited, we further held that property abutting upon a local improvement, and devoted to railroad purposes, might be assessed for benefits conferred, and that such use would not relieve it from liability to assessment, the controlling question being, not whether the present use would be benefited, but whether the property itself, irrespective of such use, would be benefited.  Upon this question we said:

"Except for appellant's occupancy, no suggestion would be made that the land was not benefited by the improvement, or

that it would not be subject to the assessment. The particular use of the land cannot affect its liability to assessment. Abutting property cannot be relieved from the burden of a street assessment simply because its owner has seen fit to devote it to a use which may not be specially benefited by the local improvement. The benefit is presumed to inure, not to such present use, but to the property itself, affecting its value."

See, also, *Seattle v. Seattle & M. R. Co.*, 50 Wash. 132, 96 Pac. 958.

Appellants further complain that, in creating the district, the city included all property within ninety feet of the street, whether the same was abutting property or not. This refers to the platted uplands and contiguous tide lands above mentioned, extending from Elliott avenue to Railroad avenue. The government meander line is located some fifty or sixty feet west of and parallel to Elliott avenue. Land east of this line has been platted as upland, while land west thereof has been separately platted as tide land. Appellants assume that these contiguous uplands and tide lands platted without any intervening street or alley, constitute separate lots or blocks as the case may be, because they have been separately platted. With reference to the local improvement now under consideration, their contention cannot be sustained. The city charter, and the act of 1911, provide that abutting property shall be assessed to a distance of at least ninety feet from the line of the improved street. The minimum distance thus fixed cannot be decreased because of separate plattings of uplands and contiguous tide lands in the manner here shown. In creating the district and in casting the assessment, the city properly included this minimum of ninety feet, although in so doing a portion of the platted tide land was included.

Appellants' remaining contention is that the assessment was wrongfully cast under the procedure provided by the act of 1911, whereas it should have been cast under the procedure provided by the city charter. They insist that proceedings

for the improvement were initiated prior to June 7, 1911, the date on which ch. 98, Laws 1911, p. 441, took effect, and that the charter should control. Where an improvement has been initiated under an existing charter or statute, and prior to the levying of an assessment for such improvement the charter or statute has been changed or amended so that a different method for casting the assessment has been adopted, we will assume, for the purposes of this case, that the assessment should be levied under the charter or statute which was in force when the improvement was initiated, yet we conclude that appellants are precluded from making this objection at this time. It was not clearly and distinctly made to the city council or superior court, and appellants have failed to show that they are prejudiced by the casting of the assessment under the act of 1911. In other words, they have not shown that the burden now imposed upon their property is greater than it would have been had the assessment been cast under the charter. In *Spokane v. Browne*, 8 Wash. 317, 36 Pac. 26, it appeared that a special improvement was ordered, proceedings were commenced, and a district was created under the 1885 city charter, but that the assessment was cast under the provisions of the freeholders' charter thereafter adopted on March 24, 1891. The objecting property owner insisted, as do the appellants in this case, that he was entitled to have the assessment cast under the earlier charter, and that the assessment was invalid. After reviewing the authorities cited by the property owner, we said.

"In our opinion, however, the cases cited by the respondents fail to sustain their contention in this case. What was such vested right? Not that the assessment should be collected in any particular manner, so far as property owners were concerned, but rather that they should not be called upon to pay in excess of a certain sum. It does not appear in this case that the respondents have been in anywise injured, or that they have been called upon to pay in this action or by this levy any greater sum than they would have been required to pay in the original scheme of assessing according to valuation.

Nor does it appear that they have been asked or required to make any earlier payment. In our opinion, in order for them to attack the assessment it must appear that it has worked to their injury. Otherwise they have no right to complain, for the manner of making the assessment and collecting the same is otherwise of no consequence to them."

A plat of the assessment district now before us shows that a large amount of property was subjected to the assessment. The method of casting the assessment adopted by the municipal authorities was applied to all property of other parties within the district just as it was to that of appellants. Were we to assume that the method adopted was prejudicial to appellants, it might as well be assumed that to an equal or even greater extent it was prejudicial to the other property owners. We have no means of knowing whether the appellants have been subjected to any greater burden by reason of this assessment than have other property owners. Possibly others are prejudiced to a greater extent than appellants. In other words, it may be that, in the final analysis, appellants, in comparison with other owners, are benefited rather than injured. No evidence, calculation or showing is presented upon which we can predicate a finding that, as between appellants and other property owners, the assessment is unequal, or that appellants have been injured. The burden rests upon appellants to show that they have been prejudiced, if such is the fact. This burden they have failed to sustain, and they are in no position to object to the method of assessment adopted.

The judgment is affirmed.

MOUNT, CHADWICK, PARKER, and GOSE, JJ., concur.