[No. 12336.  Department Two.  September 13, 1915.]

*In re* ORCAS STREET *etc.*, SEATTLE.

THE CITY OF SEATTLE, *Respondent*, v. GEORGE D. FARWELL *et al.*, *Appellants.*[1]

NEW TRIAL—ABSENCE OF COUNSEL—TIMELY OBJECTIONS. The absence of counsel retained and familiar with the cause, and the necessity of substituting new counsel who failed to properly present the case, is not ground for a new trial, where the trial was entered upon without objection.

MUNICIPAL CORPORATIONS — IMPROVEMENTS — BENEFITS — ASSESSMENTS—REVIEW. An assessment by eminent domain commissioners will not be set aside as unequal or excessive, or for failing to assess property in the district, upon a mere difference of opinion between the commissioners and the objectors as to the amount of the benefits; but it must appear that they acted arbitrarily or upon a fundamentally wrong basis.

SAME—ASSESSMENT OF BENEFITS—OBJECTIONS—TIME FOR TAKING. Where items of expense in assessing benefits were not included in the judgment of condemnation, the property owners are entitled to object to the same upon the hearing on confirmation of the roll, that being their first opportunity.

SAME—ASSESSMENT OF BENEFITS—UNREASONABLE EXPENSES—PRESUMPTIONS—BURDEN OF PROOF. Under Rem. & Bal. Code, § 7787, providing that assessments for improvements may include all costs and expenses of the proceedings, including the estimated costs of making the assessments, the payment by the eminent domain commissioners of $7.50 a day to experts in land values for periods of 30, 33, and 49 days in estimating the amount of damages from the opening of 3,600 feet of highway, will be presumed to be reasonable and necessary until the contrary is shown; and the burden of proof is not met by a mere statement of the services and charges.

CONSTITUTIONAL LAW—DUE PROCESS—MUNICIPAL CORPORATIONS— IMPROVEMENT DISTRICTS. The statute empowering cities to define the assessment district on which an assessment for a local improvement is to be made does not violate the due process clause of the state and Federal constitutions.

Appeal from a judgment of the superior court for King county, Humphries, J., entered November 8, 1913, confirm-

[1]Reported in 151 Pac. 506.

ing an assessment roll for a local improvement, after a hearing on the merits. Affirmed.

*Shepard, Burkheimer & Burkheimer*, for appellants.

*James E. Bradford, William B. Allison*, and *C. B. White*, for respondent.

FULLERTON, J.—In March, 1911, the city of Seattle, by ordinance, provided for the establishment of a new street and the widening of an existing street over and through certain enumerated tracts of land lying within the city's boundaries, known as the Somerville tracts. Condemnation proceedings were instituted by the city to acquire the necessary rights of way, and resulted in judgments in favor of the several owners of the tracts in the aggregate sum of $4,843.25. The ordinance provided that the awards to the owners of the property taken and the expenses of the condemnation proceedings should be paid for by special assessment upon property lying within described limits. On the entry of the judgments, the superior court, on the petition of the city, referred the matter of making the assessment to the board of eminent domain commissioners appointed pursuant to § 7788 of Rem. & Bal. Code (P. C. 171 § 71), who thereafter duly made an assessment roll and returned the same into court. At the time appointed for a hearing thereon, objections were made thereto by property owners affected, whereupon the court set the roll aside, and resubmitted the matter to the commissioners for another assessment. A new roll was thereafter returned, in which the commissioners found that the compensation awarded the owners of the property taken, the interest on the awards, the accrued expenses, and expenses thereafter to accrue, made a total sum of $7,198.32. Of this sum, they assessed to the city of Seattle $719.83, on account of benefit to the public, and the remainder, $6,478.49, to the property within the limits of the described assessment district. Protests on the ground of excessiveness and unequal

and ununiform distribution of the assessment over the property benefited were made to the roll by a number of property owners, all of which were overruled by the trial court, and the roll confirmed. Within two days after the confirmation of the roll, objectors Farwell and the Fuel Land Company, owning jointly certain real property within the assessment district which was assessed by the commissioners, moved for a new trial on the issues presented by their objections. The motion was overruled, and this appeal was taken by the objectors from the order overruling this motion and from the order confirming the assessment roll.

It is first assigned that the court erred in refusing to grant the motion for a new trial. From the affidavits filed in support of the motion, it is gathered that the objectors early retained counsel to represent them at the hearing on the assessment roll, and that the counsel so employed made due preparation for the trial, but that when the matter was called for hearing, the counsel regularly employed was unavoidably out of the city on other business, and the appellants were compelled to substitute counsel, who, owing to their unfamiliarity with the proceedings, "did not bring out all of the evidence at hand for his client, and limited the scope of what was produced." But we are clear that this presents no reason for a rehearing of a matter of this character. Conceding that the proceedings presented a cause where the ordinary rules relating to new trials of actions apply, it is manifest that the objectors did not act with due diligence. They substituted counsel and proceeded with the hearing without objection of any kind, while the rule requires that objections of this sort precede, and not follow, the trial. If a litigant is not ready for trial, he must make it known, and take the ruling of the court thereon, before the trial commences. He cannot consent, either expressly or impliedly, to a trial of an issue and then afterwards be heard to complain that he was not ready. The necessity of preventing trifling

with the court and speculation on the outcome of the action is the foundation for the rule.

It is next objected that the assessment on the appellants' property is grossly unfair and excessive as compared with the assessment on like property similarly situated. The appellants offered witnesses to sustain this contention; but, as we have often said, the courts cannot interfere with an assessment roll on any mere difference of opinion between the eminent domain commissioners and the objectors as to the manner in which the assessment is spread over the benefited property; that it must appear that the commissioners acted arbitrarily, or proceeded upon a fundamentally wrong basis in making the assessment, before interference by the courts is permissible. The record in this instance, while it shows a somewhat wide difference of opinion between the eminent domain commissioners and the appellants' witnesses as to the share of the cost of the improvement that should be borne by the appellants' property, it shows no arbitrary action on the part of the commissioners, nor does it show that they proceeded in making up the assessment roll other than in the manner required by the statutes.

So with the objection that the commissioners failed to assess certain land embraced within the district defined by the ordinance. By the rule permitting the assessment of property to pay the cost of a public improvement, and by the terms of the statute itself (Rem. & Bal. Code, § 7790; P. C. 171 § 75), the commissioners were limited in making the assessment to property actually benefited by the improvement. If, therefore, the district created by the ordinance included property which could not be benefited by the improvement, the commissioners were without power to place an assessment thereon for any part of the cost of the improvement. Of this question they are the sole judges, and their conclusions are not to be reversed unless it be shown that they proceeded arbitrarily or upon a fundamentally wrong basis, of which there is no showing in this record.

It is next objected that the assessment as levied includes a large sum as expenses which are not properly chargeable to the property of the district. The statute authorizing assessments in eminent domain proceedings by cities (Rem. & Bal. Code, § 7787; P. C. 171 § 69), provides that the commissioners shall include in such assessment "all costs and expenses of the proceedings incurred to the time of their appointment, or to the time when said proceeding was referred to them, together with the probable further costs and expenses of the proceedings, including therein the estimated costs of making and collecting such assessment." In the case of *In re South Shilshole Place*, 61 Wash. 246, 112 Pac. 228, we held that the purpose of this statute was to make the property assessed carry the entire burden of the improvement, and that it was lawful to include in the assessment "the costs of the corporation counsel in preparing and serving the petition in the condemnation suit, the costs paid expert witnesses and other costs of the trial, the amount paid the city engineer for making the surveys and platting the same, the fees of the eminent domain commissioners, the estimated costs of the city treasurer in collecting the assessments, and the estimated interests on the awards." In other cases, with less minutia, we have said that the reasonable costs of the proceedings, in addition to those which are properly denominated court costs, could be included in the assessment.

The rule of these cases preclude questioning into much to which the appellants object, but it is claimed that certain items of expenditure are charged to the property holders which cannot be justified even under a most liberal construction of the statute. It seems that, prior to the trial of the condemnation proceedings, the city counsel's office hired experts in land values to go over the proposed route of the highway and make estimates of the amount of damages which, in their judgment, were properly to be awarded to owners whose property would be taken or damaged by the opening of the highway. Although the proposed highway was but 3,600

feet in length, and the tracts affected somewhat large and consequently few in number, one of such persons so employed put in 49 days on the work, another 33 days, another 30 days, and another 2 days, and still another 1 day, each of whom was paid $7.50 per day for his services. These items were not included in the judgment of condemnation, but were handed to the commissioners from the city counsel's office when the commissioners were searching about the various city offices for the purpose of ascertaining what expenditure the city had incurred in the prosecution of the condemnation proceedings; hence this proceeding afforded the property owners their first opportunity to object to the items. Contrary to the contention of the city, therefore, we think they could be questioned by the objectors at the hearing below, notwithstanding the commissioners had accepted them as chargeable items and included the amount thereof in the assessment roll. But treating them as disputable items, we find in the evidence no reason for interference with them. As is shown by the statute and the cases before cited, reasonable and necessary expenditures on the part of the city counsel's office for this purpose, as an aid to and in preparation for the condemnation trials, are allowable. It was shown in the evidence that these sums were actually paid out for services actually performed. They were thus incurred and expended by public officers having authority to incur and pay for such services. The presumption of regularity that usually attaches to the action of public officers attaches to their acts, and the burden was on the objectors to show that the expenditures were unnecessary or unreasonable. In this case, no such showing was made, other than such as is inferable from the statement of the services and the amount of the charges. This, in our opinion, is not enough to require their elimination.

Finally, it is objected that the proceedings which resulted in an assessment on the appellants' property violated the due process of law clause in both the state and Federal constitutions. This claim is founded on the fact that the city council,

in the ordinance directing the improvement to be made, defined the assessment district on which the assessment to pay the costs and expenses of the improvement was to be laid. But we pointed out in the case of *In re Eighth Avenue Northwest*, 77 Wash. 570, 138 Pac. 10, that the city is especially empowered by statute to fix the boundaries of an assessment district, and that the constitutionality of such statutes were sustained by both state and Federal authority. Without further pursuing the inquiry, we hold the contention to be without merit.

The judgment is affirmed.

MORRIS, C. J., MAIN, and ELLIS, JJ., concur.