[No. 16461.   Department One.   September 15, 1921.]

## ADAMS COUNTY et al., Appellants, v. D. A. SCOTT, Respondent.[1]

STATUTES (47)—REPEALS—AMENDMENT OF ACT.  Where a section of a code is amended "to read as follows," any matter in the original section not reincorporated in the amendatory section is thereby repealed; hence the right of appeal under the Donohue Road Law (Rem. & Bal. Code, § 5744) was abrogated by later amendment and re-enactment of § 5744, which omitted all matters connected with appeals.

APPEAL (18)—DECISIONS REVIEWABLE—COUNTY BOARD.  Rem. Code, § 3909, providing for appeals generally from the acts of the board of county commissioners to the superior court is inapplicable where the board acts under a special law for special purposes, such as the Donohue Road Law.

HIGHWAYS (39)—ASSESSMENTS—JURISDICTION OF COURTS.  Under Rem. Code, § 5769, permitting a property owner to secure a review by independent action in the superior court of an assessment under the Donohue Road Law, a direct appeal improperly taken, to the court, but treated by the parties as an independent action under the law warranted the court in taking jurisdiction.

SAME.  The rule that courts will not interfere with the action of the taxing authorities in putting valuations upon property for general tax purposes, or in levying assessments for the construction of streets in a municipality, unless the authorities have acted fraudulently, arbitrarily, or upon a fundamentally wrong theory, or unless the valuation is so manifestly unjust and excessive as to amount to constructive fraud, is directly applicable to county highways which are constructed in part at the expense of private property.

SAME.  Assessments made under the Donohue Road Law will not be set aside by the courts in the absence of a showing of fraudulent, arbitrary, or fundamentally wrong action by the county commis-

[1]Reported in 200 Pac. 1112.

sioners in making the assessment or that the appraisers acted in bad faith, or that the assessment was so excessive as to be a badge of fraud.

Appeal from a judgment of the superior court for Adams county, Truax, J., entered June 26, 1920, in favor of an objecting property owner, reversing the action of the county board in levying an assessment of benefits for a road improvement, after a hearing before the court. Reversed.

*W. O. Miller,* for appellants.

*C. W. Rathbun,* for respondent.

BRIDGES, J.—This case was concerning the improvement of a certain road in Adams county, under what is generally known as the Donohue Road Law, § 5730 *et seq.,* Rem. Code, as amended by the Laws of 1917, p. 238.

Certain owners of lands in Adams county petitioned the board of county commissioners to improve a road, to be known as the Donohue Road Number Four. The commissioners, in due time, heard the petition, decided to make the improvement, let a contract and appointed a board of appraisers, as provided by the so-called Donohue law. The appraisers, among other things, assessed the property of Scott and others for benefits. The assessment so made was approved by the county commissioners, over the objection and protest of Mr. Scott. Being dissatisfied with the assessments against his lands, he appealed to the superior court of Adams county. Thereupon the county auditor certified to that court the proceedings taken by the commissioners. Thereafter the court proceeded to hear the whole matter, took oral testimony, and ultimately made a judgment reversing the action of the board of county

commissioners whereby they levied such assessments, and remanded the whole matter to that board for further action and for reappraisement of damages and benefits to the property embraced within the district comprising road district No. 4. From this judgment, the county and its board of commissioners have appealed to this court.

The appellants first contend that the superior court of Adams county did not get any jurisdiction of the matter, and that consequently this court can have no jurisdiction. Their argument is that the so-called Donohue Road Law does not make any provision for appeals from the board of county commissioners. Section 5744 Rem. Code, provides for an appeal to the superior court from certain acts of the county commissioners. However, the 1917 legislature elaborately amended this road law, and § 9 thereof begins as follows: "That section 5744 of Rem. & Bal. Code (P. C. § 6096; Laws 1917, ch. 72, § 9, p. 246), be amended to read as follows: Section 5744——". As amended that section is concerning matters in no wise connected with appeals. If this amendment had the effect of repealing those provisions of § 5744 of the original act with reference to appeal, then this road law does not provide for any appeal from the board of county commissioners with respect to these matters.

At page 1083, 36 Cyc., it is said:

"Generally speaking, where a statute is amended, 'so as to read as follows,' the amendatory act becomes a substitute for the original, which then ceases to have the force and effect of an independent enactment; . . . On the contrary, the better and prevailing rule is that so much of the original as is repeated in the later statute without substantial change is affirmed and continued in force without interruption; that so much of the act as is omitted is repealed;"

At page 735, 26 Am. & Eng. Ency. Law (2d. ed.), the rule is stated as follows:

"A statute providing that certain sections of a prior act shall be amended 'so as to read as follows' repeals all contained in the sections of the original act not re-enacted . . ."

The same rule is laid down in 25 R. C. L. 923, as follows:

"Where a section expressly amendatory of another section of a statute purports to set out in full all it is intended to contain, any matter which was in the original section, but is not in the amendatory section, is repealed by the omission."

See, also, *State v. Benevolent Order of Elks,* 69 Miss. 895, 13 South. 255; *Hawes v. Petit,* 22 R. I. 312, 47 Atl. 705; *In re Wheelock,* 3 N. Y. Supp. 890.

We therefore conclude that the original provision for appeals has been repealed, and that the so-called Donohue Road Law, as it now exists, does not make any provision for appeals from orders of the county commissioners. Indeed, the respondent does not here seem to seriously contest this question, but contends that he is entitled to appeal by virtue of the general appeal act concerning appeals from acts of the board of county commissioners. See § 3909 Rem. Code (P. C. § 1679). That section provides: "Any person may appeal from any decision or order of the board of county commissioners to the superior court of the proper county." The section then proceeds to point out minutely the way in which such appeals may be taken and how the matter shall be tried when it reaches the superior court. Appellant, however, contends that section is general in its nature and does not authorize appeals from the board of county commissioners when it is acting under a special law for special purposes. Following the spirit of our previous de-

cisions, we feel compelled to uphold appellants' position on this contention.

In the case of *Lawry v. Board of County Commissioners,* 12 Wash. 446, 41 Pac. 190, the court stated the question involved to be as follows:

"As stated in the brief of appellant, the only question for discussion and determination in this case is, will an appeal lie from a decision or order of the board of county commissioners with respect to the removal of a county seat."

In holding that the general appeal statute did not authorize an appeal in the case, the court said:

"But in this case there are special reasons for holding that no appeal will lie from the order complained of. By the statute relating to the removal of county seats, duties are cast upon the board of county commissioners which are separate and distinct from their ordinary and usual duties. In discharging them, it acts as the representative or agent of the legislature, by virtue of a special statute enacted for the sole purpose of clothing it with special powers, and which provide for no appeal. We think the general appeal act refers only to the usual proceedings of the board and not to special proceedings under a special statute for a special purpose."

In the case of *Olympia Water Works v. Thurston County,* 14 Wash. 268, 44 Pac. 267, the question was whether the general appeal statute mentioned authorized an appeal from an order made by the board of county commissioners sitting as a board of equalization. We said:

"It (the decision of the board of equalization) was made in pursuance of an act providing in detail for the assessment and collection of taxes, and in that act must be found the right of appeal, if it exists. And the fact that the right to appeal from any decision is given in the act providing for the general duties and powers of the board of county commissioners can have

no effect upon the decision required of such board by the act, upon this special subject. . . :

"Under well settled general rules for the interpretation of statutes, the section authorizing appeals contained in the general act as to boards of county commissioners, could have no effect upon decisions made by the board in performing duties required by the revenue act. This interpretation is required by the general rule that provisions in a general act do not affect those contained in a special one, unless the legislative intent to that effect is manifest."

In the case of *Selde v. Lincoln County*, 25 Wash. 198, 65 Pac. 192, the question involved was whether, under the general statute with reference to appeals, an appeal could be taken from the act of the board of county commissioners in refusing to establish a certain road for which petition had been made. After discussing the question somewhat elaborately, this court said:

"What are the limitations upon appeals to the superior court from the decisions of the board of county commissioners? The superior court exercises only judicial power; hence appeals from the board of county commissioners to the superior court must be limited to such cases as require the exercise of purely judicial powers, and therefore when the board of county commissioners exercise political power, or legislative power, or administrative power, or discretionary power, or purely ministerial power, no appeal involving a trial *de novo* will lie."

To the same general effect see *Lewis v. Bishop*, 19 Wash. 312, 53 Pac. 165; *State ex rel. Yeargin v. Maschke*, 90 Wash. 249, 155 Pac. 1064.

The general appeal statute is a part of the compiled statutes with reference to the general duties and powers of the board of commissioners. It is true these statutes authorize the board to "lay out, discontinue, or alter county roads and highways within

their respective counties, and do all necessary acts relating thereto according to law . . .", but this was an expression of the powers to be performed "according to law." It was necessary that other legislative laws point out the procedure. Those other laws must be held to be exclusive within their spheres.

The logic of the situation and of these cases cited requires us to hold that Mr. Scott could not appeal from the action of the board of county commissioners in making the assessments for benefits against his lands.

The respondent contends, however, that the spirit of our laws must in some way permit him to enter the courts for the purpose of protecting himself and his property against what he contends to be the arbitrary and wrongful acts of the board of county commissioners. It must be remembered, however, that there is no right of appeal except it be given by statute, and that a citizen cannot complain except to the legislature if he considers himself aggrieved in that regard.

But it does not necessarily follow from what we have said that a person placed in the position of the respondent is entirely deprived of recourse to the courts. It is our opinion that respondent would have had the right to commence in the superior court a special and independent action for the purpose of securing a review of the wrongs of which he complains. Such was the procedure in the recent case of *James v. McMillan*, 115 Wash. 159, 196 Pac. 881. That was a case involving assessments made by virtue of the identical road laws here under discussion. It is true, the questions which are raised in this case were not raised in that, nor by this court discussed in the opinion in that case. But it would appear that all parties, including this court, assumed that such an independent action could lawfully be maintained. In-

deed, this identical road law expressly contemplates that the courts shall have the right to review in some manner the acts of the board of commissioners. Section 5769, Rem. Code (P. C. § 6112), provides that:

"The court in which any proceeding is brought to . . . declare void the proceedings to locate or establish any road, or to enjoin any tax or assessment levied or ordered to be levied to pay for the labor and expense as aforesaid shall, if there is manifest error in the proceedings, allow the plaintiff in the action to show that he has been injured thereby, and may on application of either party, appoint such person or persons to examine the premises or to survey the same, or both as may be deemed necessary, the court in which any such proceedings are begun shall allow parol proof that said improvement is necessary and will be conducive to the public needs, convenience and welfare . . . and with or without finding error, the court may correct any gross injustice in the apportionment made by the commissioners; the court shall, on final hearing, make such order in the premises as shall be just and equitable, and may order that such tax and assessment remain on the duplicate assessment-roll for collection, or the same to be levied, or may perpetually enjoin the same or any part thereof . . ."

Under this view of the law, the respondent having undertaken to transfer the proceeding by appeal to the superior court, is it proper that we should hold that, having come into court by the wrong door, he may be dismissed without hearing? The record discloses that, after the appeal was taken, the appellants caused a transcript of their proceedings to be certified to the trial court. They also appeared in that court and moved to require the respondent to set out, in a bill of particulars or otherwise, the grounds of his complaint and the reasons for his dissatisfaction. The respondent complied with the order of the court requiring him

so to do.   Thereafter the case came on for trial in the
usual and customary manner.   All of the parties be-
ing present, or represented by attorneys, a large
amount of testimony was taken, and the court entered
a judgment in the case.   At no time, so far as we can
find in the record, did the defendants (appellants here)
raise in the lower court the question of jurisdiction,
or permit the trial court to consider or pass upon the
questions which they have raised in this court.   Under
these circumstances, it would seem that we should
treat the case, although it reached the superior court
by direct appeal, as being maintained and tried there
by consent of the parties as an independent action, and
the bill of particulars made by the plaintiff (respond-
ent here) may be taken as his petition or complaint in
such action, upon which the case was tried in the lower
court.   So considering the case, we should next de-
termine whether or not the judgment appealed from
was correct.

We have always held that courts should not inter-
fere with the action of the taxing authorities in put-
ting valuations upon property for general tax pur-
poses, unless such authorities acted fraudulently, ar-
bitrarily, or upon a fundamentally wrong theory, or
unless the valuation was so manifestly unjust and ex-
cessive as to amount to a constructive fraud.   We have
also consistently applied this same principle of law to
assessments for benefits levied by municipalities on
property for the purpose of constructing streets with-
in the municipality.   *Powell v. Walla Walla,* 64 Wash.
582, 117 Pac. 389; *Great Northern R. Co. v. Seattle,*
73 Wash. 576, 132 Pac. 234; *In re Boyer Avenue,* 79
Wash. 664, 141 Pac. 58; *In re West Bertona Street,*
81 Wash. 125, 142 Pac. 483; *Spokane v. Onstine,* 86
Wash. 4, 149 Pac. 1; *In re Orcas Street,* 87 Wash. 218,
151 Pac. 506.

Although this identical question has not been before us in so far as it concerns the construction and improvement of county highways, we see no reason why the doctrine with reference to general taxation and with reference to municipal streets should not be fully applicable concerning assessments for benefits for the construction of county highways. The statutes have imposed upon the county commissioners the duty of making this assessment, and it will be presumed that they have acted in good faith and according to their judgment, and it was never intended that the courts should supplant the discretion thus vested in the commissioners and install instead its own judgment alone upon conflicting testimony as to the justness of the assessment. Any other rule would be against the spirit of the statutes and would unduly and unnecessarily interfere with the procedures provided by law for the construction of highways. We therefore hold that the rule with reference to valuations of property for general tax purposes, and the assessments for benefits by municipalities for the construction of streets, is directly applicable to highways which are constructed in part at the expense of private property.

There is nothing in this case which would bring it within the rule thus announced. There is no charge in the bill of particulars filed by the respondent, of fraudulent, arbitrary, or fundamentally wrong action by the commissioners in making this assessment, nor is there anything in the testimony, or elsewhere, to show that the appraisers appointed by the commissioners to make such assessment did otherwise than use their best judgment and act in good faith. The number of witnesses produced by either side was about equal. While the witnesses for the respondent considered the assessments too high, they did not intimate at what amount the assessments should have been fixed. Nor

did any of these witnesses contend that the assessments were so excessive as to be a badge of fraud. On the other hand, appellants' witnesses testified to the justness of the assessments, and that they were made in good faith, after a thorough investigation of the facts. Following the rule announced, it cannot be said there is anything in this testimony which would authorize the courts to set aside the assessments made by the appraisers and approved by the county commissioners.

The judgment is reversed, and the cause ordered dismissed.

PARKER, C. J., FULLERTON, MACKINTOSH, and HOLCOMB, JJ., concur.