[No. 18281. Department Two. December 18, 1923.]

LOUIS WISE et al., Respondents, v. J. L. GARRETT, as County Auditor, et al., Appellants.[1]

HIGHWAYS (39)—ASSESSMENTS—BENEFITS—REVIEW BY COURTS. Where the benefits to property from a road improvement was different in character because of its use as a resort, an assessment by the county commissioners will not be set aside as excessive unless the board acted arbitrarily.

Appeal from a judgment of the superior court for Clarke county, Simpson, J., entered April 23, 1923, in favor of the plaintiffs, in an action to enjoin the collection of a tax, tried to the court. Reversed.

*Jos. E. Hall* and *Dale McMullen*, for appellants.

*R. C. Sugg*, for respondents.

[1]Reported in 221 Pac. 312.

PEMBERTON, J.—The board of county commissioners of Clarke county established an improvement district to hard surface a road extending from the village of Battle Ground to the village of Heisson, a distance of approximately five miles. Respondents are the owners of fifty-nine acres adjoining the road, about forty acres of which consists of a lake. The property is a resort for picnicking, bathing and boating and was assessed in the amount of $2,514.65 for the improvement of the road. This action was begun to enjoin the collection of the assessment on the ground that the commissioners were without jurisdiction to establish the district, and for the further ground that the assessment is in excess of the proportionate benefits. The trial court entered a decree enjoining appellants from levying an assessment upon the property of respondents in an amount in excess of $830.34, from which this appeal is taken.

It is admitted that this property, being a resort, is benefited more than other property. One witness testified that the value of this fifty-nine acres was $25,000, while a forty-acre tract was worth but $2,000. The trial court in directing $830.34 to be paid did so on the theory that this property is benefited different in character than the other property. In his memorandum opinion the trial court said:

"To my mind property such as that owned by the plaintiffs should bear a higher assessment than the adjoining farm property, but whether or not the amount levied by the appraisers is the proper amount to be levied because of the special benefits, is a question to be left to their discretion and not to be decided by the court."

In the case of *Adams County v. Scott,* 117 Wash. 85, 200 Pac. 1112, we said:

"The statutes have imposed upon the county commissioners the duty of making this assessment, and it will be presumed that they have acted in good faith and according to their judgment, and it was never intended that the courts should supplant the discretion thus vested in the commissioners and install instead its own judgment alone upon conflicting testimony as to the justness of the assessment."

It being admitted that the character of the benefits to this particular property is different because of its use as a resort, we are satisfied, after a consideration of the testimony, it cannot be said that the county commissioners acted arbitrarily in determining the amount of the assessment.

The judgment of the trial court will be reversed and the action dismissed.

MAIN, C. J., MITCHELL, and BRIDGES, JJ., concur.