15009

SENN v. SPARTANBURG COUNTY *ET AL.*

(7 S. E. (2d), 454)

No-
vember, 1937.

*Messrs. Donald Russell* and *Luther K. Brice,* for appel-
lants,

*Messers. Lyles & Daniel,* for respondent,

February 6, 1940.

The opinion of the Court was delivered by MR. L. D. LIDE, ACTING ASSOCIATE JUSTICE.

W. G. S. O'Shields was County Auditor of Spartanburg County for several years, and hence under the provisions of Section 2727, Code, 1932, was entitled to a fee of 25 cents for the entry of each deed in his office, this section containing the general law of the State on the subject. Section 4770, Code, 1932, however, provided that the salaries therein fixed for the county officers of the County of Spartanburg, including the Auditor, should be in lieu of all fees of whatsoever nature or description collected by them, and that all such fees should be turned over to the County Treasurer. The latter section is a codification of acts adopted in earlier years.

Mr. O'Shields as County Auditor, however, conceiving that he was entitled to the fees in question, notwithstanding Section 4770, did on June 13, 1935, file with the County Board of Spartanburg County his verified claim against the county in the sum of $2,314.25, for the entry during the period commencing July 1, 1929, and extending through June 8, 1935, of 9,257 deeds at 25 cents each; and in this claim he states that Section 4770 is unconstitutional, but does not give any reason for this conclusion, nor does he refer to the section of the Constitution involved. There does

not appear to have been any formal hearing on the claim, but the minutes of the Board show its disapproval thereof, upon the advice of the county attorney.

Thereafter the claimant by his attorneys gave notice of appeal to the Court of Common Pleas for Spartanburg County from the action of the county board. This notice of appeal sets out the basis of the claim with all sufficient detail and specifically alleges that Section 4770 is unconstitutional as being special legislation in violation of subdivision VIII of Section 34 of Article III of the State Constitution. The County Board filed a carefully prepared return to the notice of appeal wherein they set out in detail the facts relating to the filing of the claim by the County Auditor and the action taken thereon by the County Board disapproving and disallowing the claim, but they do not assign any reasons for the disallowance of the claim except the recital in the minutes of the board that the County Attorney did not recommend payment thereof.

We quote the following statement contained in the Transcript of Record: "The appeal first came on for hearing before Honorable S. W. G. Shipp, presiding Circuit Judge, who died without filing any order in the matter. By agreement, it was then presented and argued before Honorable W. C. Cothran, Special Circuit Judge, who filed the order from which this appeal is prosecuted, upon exceptions hereinafter set forth."

Special Judge Cothran handed down his decree dated November 29, 1937, overruling the action of the County Board in disallowing the claim, and adjudging that the claimant was entitled to the payment thereof. Due notice of appeal was given by the County Board of Spartanburg County and Spartanburg County from this decree, and the cause comes before us upon the exceptions set forth in the record. Incidentally, it should be mentioned that during the pendency of the action the claim was assigned by Mr. O'Shields to Annie Myrtle Senn, who is the respondent herein.

This appeal is somewhat unique in this respect: The three questions involved, as stated by counsel for the appellants, all relate to the jurisdiction, or rather alleged lack of jurisdiction, of the County Board of Spartanburg County with reference to the claim in question; and it is, therefore, alleged that the Court of Common Pleas was also without jurisdiction; but it is admitted that none of these questions were made in the Court below. Of course the theory upon which these jurisdictional objections are now made is that they relate to the subject-matter, and hence may be raised at any time, because jurisdiction of the subject-matter of an action cannot be conferred by consent.

The unconstitutionality of Section 4770, Code, 1932, as being special legislation cannot now be doubted, and hence the County Auditor of Spartanburg County was entitled as a matter of law to payment by that county of the full amount of his claim in the sum of $2,314-.25, there being no allegation or suggestion of any error in the amount of the claim. The case of *Salley v. McCoy*, 182 S. C., 249, 189 S. E., 196, had not been decided when the claim was presented, as the opinion therein was not filed until December 9, 1936; but the law was definitely settled by that case and it has since been consistently followed. Indeed, the appeal here does not question the authority of the cited case and the subsequent adjudication of this Court pursuant thereto, but the instant appeal is based solely upon the theory that the claimant adopted the wrong remedy; and in effect that while he is entitled to be paid the Court cannot enforce his rights in this cause for the technical reason that he proceeded erroneously, although this objection was not suggested to the learned Judge who heard the case below.

In the case of *Salley v. McCoy, supra,* the position was taken that a claim against a county for services must be filed with the county board or else be barred under the provisions of Section 3873, Code, 1932; but the Court held

that the statutes relating to filing claims with the county board do not apply to claims based on the unconstitutionality of an Act of the General Assembly for the reason that administrative officers are bound by such an Act until it has been judicially declared unconstitutional, although of course the county board does act in *quasi*-judicial capacity in passing on such claims as are required by law to be submitted to it. *State v. Goodwin*, 81 S. C., 419, 62 S. E., 1100.

The point again came before the Court in the case of *Gamble v. Clarendon County*, 188 S. C., 250, 198 S. E., 857, where this Court held that the Circuit Court had jurisdiction of a Sheriff's claim for fees and costs which the county retained under alleged unconstitutional statutes, notwithstanding the claim had not been first presented to the County Board of Commissioners.

In the case at bar the claimant proceeded in accordance with the case of *Nance v. Anderson County*, 60 S. C., 501, 39 S. E., 5, wherein a claim by a Probate Judge was filed with the County Board of Anderson County, which disallowed the claim, but upon an appeal to the Circuit Court the County Board was reversed because the Circuit Court adjudged the act involved to be unconstitutional, and the judgment of the Circuit Court was affirmed. Hence this case was direct authority for the proceeding taken in the instant case, although it is true that no question of jurisdiction. seems to have been raised. However, there can be no doubt that under the recent decisions of this Court above cited the County Board for Spartanburg County had no jurisdiction to declare Section 4770, Code 1932, unconstitutional, and therefore had no jurisdiction of the claim in question. This being so, it is unnecessary for us to consider the further objection made that the claim was not presented to and filed with the Board during the fiscal year in which it is alleged to have arisen, or the next year thereafter, and that the claim was not itemized, or the amounts for the various years stated separately.

When the claim was rejected by the county board the claimant might have brought an action in the Court of Common Pleas for Spartanburg County to recover the amount of the claim by way of mandamus or otherwise, for that Court was clothed with plenary original jurisdiction of the cause. But it is argued that since the claimant did not so proceed the Court of Common Pleas did not have jurisdiction since the case was there only by way of appeal. However, laying aside matters of mere form, is it not true that the claimant did in substance proceed in the Court of Common Pleas for the adjudication of his cause of action? The notice of appeal given by the claimant and the return made by the County Board contain substantially the same allegations that would doubtless have been inserted in ordinary pleadings. The county had every right in the defense of the claim which it would have had if a complaint and an answer had been filed. The Circuit Court heard and fully considered every point involved in the merits of the cause, with the consent of all parties. While no process was issued in the form of a summons to bring the county board into Court, yet of course they appeared voluntarily, and no claim is or could be made that the Court was without jurisdiction of the *person,* the appeal here being based upon an alleged lack of jurisdiction of the *subject-matter. Cheraw Motor Sales Co. v. Rainwater,* 125 S. C., 509, 119 S. E., 237.

It is indeed true that as a general rule if an inferior Court or tribunal has no jurisdiction of a cause an appeal from its decision confers no jurisdiction on the appellate Court, but the application of this rule is not unlimited. *Hall v. Artis,* 186 N. C., 105, 118 S. E., 901. And we quote the following from 4 C. J. S., Appeal and Error, 123, 124, § 41: *"Cases within original jurisdiction of appellate court.* It has been held in some states that an appeal cannot be entertained, although the court to which it has been taken may have original jurisdiction of the matter presented, *but elsewhere it has been held that on appeal*

*from the judgment of a court not having jurisdiction to a court having original jurisdiction of the subject-matter, if the parties voluntarily appear and consent to trial, the judgment of the latter court will be binding."* (Italics added except as to heading.)

In the *Washington case* of *Adams County v. Scott,* 117 Wash., 85, 200 P., 1112, 1114, it was held that where a party attempted to appeal to a superior Court from an order of the Board of Commissioners in a highway matter, all tht parties interested having been present, that although an appeal would not lie, the proceeding could be considered an independent action, and the judgment therein would be sustained if correct on the merits. The Court held that the party appealing to the superior Court which had original jurisdiction of the subject-matter ought not to be dismissed because he had "come into Court by the wrong door." This case is not exactly in point, but the underlying principle is the same. There it was not a question of the jurisdiction of the board, but no appeal was allowed by law, the remedy being an independent action in the superior Court, and it was definitely held that a case taken up on appeal may be treated as within the original jurisdiction, under certain circumstances. Quoting from the opinion: "All of the parties being present or represented by attorneys, a large amount of testimony was taken, and the Court entered a judgment in the case. At no time, so far as we can find in the record, did the defendants (appellants here), raise in the lower Court the question of jurisdiction or permit the trial Court to consider or pass upon the questions which they have raised in this Court. Under these circumstances, it would seem that we should treat the case, although it reached the superior Court by direct appeal, as being maintained and tried there by consent of the parties, as an independent action, and the bill of particulars made by the plaintiff (respondent here) may be taken as his petition or complaint in such action, upon which the case was tried in the lower Court."

The *Utah case* of *Burt & Carlquist Co. v. Marks*, 53 Utah, .77, 177 P., 224, might perhaps be distinguished, but the trend of the opinion in that case is in the same direction, for it was there held that where parties on appeal to Court having original jurisdiction of subject-matter, submit controversy for trial and adjudication, and the cause proceeds to .trial and final judgment, they will be held to have waived .their right to object to the jurisdiction of the appellate Court. See also, *Pearson v. Kansas Mfg. Co.*, 14 Neb., 211, 15 N. W., 346.

The appellants rely on the case of *Poole v. Brown*, 12 S. C., 556, where the Probate Court dismissed a suit on the merits, and there was an appeal to the Court of Common Pleas which affirmed the order of the Judge of Probate, but the Supreme Court *sua sponte* held that the Probate Court was without jurisdiction and affirmed the Circuit Court for that reason only. But it seems that this is another case where the question at issue here, even if it was involved, was not raised and hence cannot be deemed to have been decided.

It therefore appears that the precise question involved here has never come before this Court, but in the interest of the practical administration of justice we are constrained to follow those authorities, some of which have been cited, sustaining under certain circumstances the jurisdiction of the Court having original jurisdiction of the subject-matter, although the case came to that Court on appeal from an inferior Court or tribunal without jurisdiction. In other words, the appeal here having been made to the Court of Common Pleas, which had full original jurisdiction of the subject-matter, and which adjudicated the merits thereof, its judgment should be held binding, because the parties voluntarily appeared and to all intents and purposes consented to trial.

We are, therefore, of opinion that respondent, as the assignee of the County Auditor, is fully entitled to the fees in question, pursuant to the decree of Special Judge Coth-

ran. All the exceptions are overruled and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES CARTER, BAKER and FISHBURNE concur.