14023

HOLT v. CALHOUN ET AL.

(179 S. E., 501)

*Mr. E. S. C. Baker,* for appellants, 

*Mr. W. Kenneth Suggs,* for respondent, 

March 22, 1935.

The opinion of the Court was delivered by Mr. JUSTICE CARTER.

This action, as appears from the transcript of record, was commenced by the service of the summons and complaint on or about the 17th day of October, 1933, by which the plaintiff-respondent assails the constitutionality of certain parts of that certain Act passed by the Legislature at its regular 1932 session, approved on the 4th day of April, 1932 (27 St. at Large, p. 1381). He also complains that the provisions of the Horry County 1932 and 1933 supply Bills, which attempt to carry out the certain specified parts of the 1932 Act, are invalid. The complaint alleges that the Act provides that all fees and licenses collected under the provisions of law by the Clerk of Court for Horry County shall be paid over to the County Treasurer to be placed in the general county funds of the county, and further provides a stated salary in lieu of said fees and licenses. It is also alleged in the complaint that the Act is unconstitutional for that it is local and special legislation and seeks to take away from the Clerk of Court the fees and licenses allowed him by the general law of the State as a part of his compensation; and it is prayed that the statute, so far as it attempts to deprive him of the fees of his office, be declared unconstitutional and the plaintiff-respondent be adjudged entitled to retain said fees and

licenses. Plaintiff-respondent was elected Clerk of Court for Horry County prior to the passage of the Act in question and still is in said position.

The defendants answer, denying generally the material allegations of the complaint, and denying specifically that the said Act is invalid and further denying specifically that the plaintiff-respondent is entitled to the fees and licenses of his office.

The plaintiff-respondent interposed a demurrer to the answer on the grounds that the same does not state facts sufficient to constitute a defense.

The issues therefore raised by the pleadings are, first, the validity of that part of the Act which deprives the plaintiff of the fees of his office, and, secondly, whether the plaintiff-respondent, as Clerk of Court for Horry County, is entitled to retain the fees and licenses of his office as compensation for services rendered by him.

A statement of facts was then agreed upon and submitted to the Court upon the trial of the issues of law.

The case was tried at the fall 1933 term of the Court of Common Pleas for Horry County, by the presiding Judge, his Honor, Judge G. B. Greene, who thereafter rendered his decree, which is set out in full in the case, in which he held the Act unconstitutional and void so far as it attempts to deprive the plaintiff of the fees of his office, and further held that plaintiff-respondent is entitled to retain the fees and licenses of his office as part of his compensation.

From this decree, notice of appeal was timely given and the case now comes before this Court on the exceptions set out in the record.

The following agreed statement of facts is set out in the record:

"The plaintiff and defendants above named, by and though their attorneys herein, agree that the following are the facts involved in this action:

"John Holt, the plaintiff, is the Clerk of Court of Common Pleas and General Sessions of Horry County, and since

the office of Registrar of Mesne Conveyance does not exist in said County, the duties which would devolve upon such officer are performed by him as such Clerk of Court.

"The action is brought by the plaintiff against the defendants for the purpose of determining whether the plaintiff is entitled to retain the fees collected by him as Clerk of Court and recording officer for Horry County, or whether the County is entitled to have said fees paid over to its Treasurer for General County purposes.

"An Act was passed by the General Assembly of South Carolina at its 1932 session, known as Act No. 794 of the Acts of 1932, which is entitled:

" 'An Act Relating to the County Government of Horry County, Fixing the Number of Commissioners, Their Salaries and Duties, and the Salaries of Certain Other County Officers, and Providing for the Appointment of Commissioners, and Providing for the Appointment of a Road Commissioner and Defining His Duties.'

"Prior to the passage of said 1932 Act, except as the same was changed by the Horry County Supply Acts, intended to be effective, severally, only for the years they were enacted by the Legislature, the compensation of the Clerk of Court and recording Officer for Horry County was provided and regulated by a general law applicable to all Clerks of Court of this State.

"The primary purpose of the action is to determine whether or not certain parts of the above referred to Act are constitutional. The complaint specifically alleges that subdivision 6 thereof, contained at page 1384 of the Statutes at Large of South Carolina, Acts of 1932, is unconstitutional and that the plaintiff is entitled to retain all of said fees therein required to be turned over by him to the County for its use.

"The defendants, other than the County Treasurer, are the governing body of Horry County; and since the constitutionality of subdivision 6 of the said Act has been made

an issue in this case by the plaintiff, the defendant County Board of Commissioners desire to have the validity of said subdivision 6 of the Act passed upon by the Court specifically with reference to all the officers for Horry County therein sought to be affected as to said fees and their compensation, and desire that it be determined by the Court what officers of their County referred to in said Act, if any, are entitled to retain fees therein referred to, and also what fees, if any.

"The decision of the Court affecting these additional officers is sought by the County Commissioners in order to avoid a probable multiplicity of actions, and it is agreed that the constitutionality of that part of the Act relating to these additional officers shall be also determined by the Court in this action."

This Court is satisfied with the holding and conclusion of the trial Judge, as set forth in his Honor's decree. It is, therefore, the judgment of this Court that the judgment of the lower Court be and is hereby affirmed.

NOTE: Let the decree of the Circuit Judge and appellants' exceptions be incorporated in the report of the case.

MESSRS. JUSTICES STABLER and BONHAM and MESSRS. ACTING ASSOCIATE JUSTICES G. DEWEY OXNER and A. L. GASTON concur.