14372

SALLEY v. McCOY *ET AL.*

(189 S. E., 196)

250

256

258

268

274

278

280

*Messrs. Henry R. Sims, Julian S. Wolfe, Adam H. Moss, Taylor H. Stukes* and *C. T. Graydon,* for appellants,

*Messrs. Zeigler & Brailsford, Lide & Felder* and *C. E. Summers,* for respondent,

Rehearing denied December 22, 1936.

December 9, 1936.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

By a series of local Acts enacted prior to the adoption of the 1935 constitutional amendment hereinafter referred to, the compensation of the treasurer of Orangeburg County was fixed at sums (varying from year to year) that are less in amount than the salary provided for the treasurer of that county by Section 2700 of the Code of 1932, and the amendments thereto. In this case the respondent, treasurer of Orangeburg County, having accepted the statutory salaries fixed in the various local statutes in question, seeks to recover an amount representing the difference between the salary paid to him and that which is set forth in the Code provision and amendments above referred to. He also claims in this case the right to retain and (when collected) to recover certain tax execution fees of which the same local legislation seeks to deprive him, and which but for such legislation he would have been entitled to receive and recover under the general law of the State (Code 1932, §§ 2853, 2854). His claim rests upon the contention that the local statutes which sought to reduce his compensation are unconstitutional and he contends that he is not barred of his remedy by reason of his having accepted the reduced compensation of which he now complains. On both points he is sustained by the decision of this Court in the case of *Holt v. Calhoun et al.,* 175 S. C., 481, 179 S. E., 501.

The questions at issue are presented by the demurrer to the amended answer of the appellants interposed by the re-

spondent treasurer. In the lower Court the demurrer was sustained, reliance being placed by the Circurt Court upon the case of *Holt v. Calhoun et al., supra,* and upon the cases cited in the decision of that case.

Appellants recognize the binding force of the case of *Holt v. Calhoun et al., supra,* and in fact in their supplementary brief filed in connection with the reargument of the cause, they say: "In our view it is necessary that the decision in *Holt v. Calhoun,* 175 S. C., 481, 179 S. E., 501, decided in 1935, be reversed." But they did not comply with Section 11 of Rule 8 of this Court, which requires that "counsel desiring to attack or argue against a decision of this Court, with a view to asking the Court to review, modify, or overrule the same, must petition the Court in writing, at least four days before the call of the ·case in which such argument is sought to be made, asking permission to do so," etc. Notwithstanding the failure of appellants' counsel to comply with this rule, the Court, recognizing the importance of the questions presented, has given full consideration to the arguments of counsel which seek a decision herein that would in effect overrule that case. After such consideration, and in spite of the reluctance of this Court to declare unconsitutional an Act of the Legislature, we feel bound by the decision in the case of *Holt v. Calhoun et al., supra.* With the following comments as to the applicable principles declared therein, and invoved in the record in this case, we adopt the conclusions of the learned Circuit Judge on the issues raised by the pleadings.

The question whether the Legislature had the power by a statute applicable to a particular county to reduce the statutory compensation of the treasurer of such county, prior to the adoption of the 1935 amendment (see 39 St. at Large p. 24), arises from the limitations contained in Section 34 of Article 3 of the State Constitution. That section, after enumerating seven instances in which the General Assembly shall not enact local or special laws, then provides in Sub-

section 8 that the prohibition against the enactment of local or special laws shall apply to an Act "to fix the amount or manner of compensation to be paid to any county officer except that the laws may be so made as to grade the compensation in proportion to the population and necessary service required." Then follows Subsection 9, providing that "in all other cases, where a general law can be made applicable, no special law shall be enacted."

In the *Holt case* and in the earlier cases cited therein dealing with the present problem, both Subsections 8 and 9 are relied upon by this Court as invalidating the legislation attacked in the particular case. However, Subsection 8 was repealed by a constitutional amendment ratified during the year 1921 (32 St. at Large, p. 191). The *Holt case* was decided in 1935, and yet, relying upon earlier cases dealing with the same subject, the opinion in that case (written by the Circuit Judge and adopted by this Court) declares unconstitutional the salary Acts involved herein under both Subsections 8 and 9. Upon this ground appellants' counsel urge upon the Court that the force of the decision in the case of *Holt v. Calhoun* is weakened, and that if the fact of the repeal of Subsection 8 had been brought to the attention of the Court, a different ruling would have been made.

There is no doubt about the fact that the reference to Subsection 8 of Section 34 in the *Holt case* is an inadvertence. However, in the earlier cases cited in the opinion of the lower Court, decided when Subsection 8 was in force, the opinions of this Court holding that a local law undertaking to fix the salary of a county officer is unconstitutional are grounded upon both Subsection 8 and Subsection 9, so that if the inadvertence in referring to Subsection 8 in the *Holt case* had not occurred, the opinion in that case would still accord with the earlier decisions of this Court. From the decisions thus made, and which have become the settled rule of decision in this Court and in a number of cases on

circuit that have not reached this Court, we do not now feel we should depart.

The several cases heretofore decided by this Court, dealing with the question of the constitutionality of local statutes relating to the salary of county officers, regard the constitutional problem as if Subsection 8 was an affirmative grant of power to the Legislature to pass local laws relating to the compensation of county officers where such laws grade the compensations, etc., even though (quoting now from Subsection 9) "in all other cases, where a general law can be made applicable, no special law shall be enacted." Thus for all practical purposes this Court has treated Subsection 8 as an exception to the general prohibition contained in Subsection 9.

Reading Subsections 8 and 9 in this light, it is apparent that in the *Holt case* and in the cases upon which that decision is based, this Court held the view that the Legislature was expressly prohibited by Subsection 9 from passing local legislation of the character here in question; and it follows from this view that when Subsection 8 was repealed, the general prohibition contained in Subsection 9 remained applicable to the matter. That is to say, a local law relating to the compensation of a county officer, being a law covering a subject susceptible of being covered by a general law, is expressly prohibited.

That the subject is one that can be covered by a general law is not open to serious question. It has been in fact so covered, and neither the generality of the coverage, nor the soundness of the classification of salaries of county officers on the basis implied in the act, is open to serious question.

A further consideration tending to support the above view, though in no sense controlling, is found in the constitutional amendment adopted in 1935, against empowering the Legislature to pass local laws relating to the salaries of county officers. The language of that amendment (see 39 St. at Large, p. 24) is in terms an addition to Subsection 9 of

Section 34. It is as follows: "IX—*In all other cases, where a general law can be made applicable, no special law shall be enacted:* Provided, That the General Assembly may enact local or special laws fixing the amount and manner of compensation to be paid to the County Officers of the several counties of the State, and may provide that the fees collected by any such officer, or officers, shall be paid into the treasury of the respective counties." (Note.—The italicized portion is identical with Subsection 9 prior to the 1935 amendment.)

The 1935 amendment is thus a literal adoption by the people and by the Legislature of the interpretation given by this Court to Subsections 8 and 9 as hereinbefore related; that is to say, an interpretation which makes the passage of local or special laws relating to the compensation of county officers an exception to the prohibition contained in the original form of Subsection 9.

The point has been made by appellants, though not apparently pressed very seriously, that a county may not be sued in the Courts of this State except where legislative sanction for the institution of the suit can be pointed to, and it is argued that therefore the present action is not justiciable by the Courts, unless the provisions contained in the general law and in the local legislation applicable to Orangeburg County, providing for the presentation of claims for approval to local authorities, before any suit can be instituted, are complied with. In addition to what is said in the opinion of the lower Court on this subject, attention is called to the recent decision in the case of *Chesterfield County v. State Highway Department,* 181 S. C., 323, 187 S. E., 548, where, in disposing of a petition for a rehearing, this Court dealt with some of the phases of the question stated.

Careful consideration has been given the contention of appellants that the constitutional questions herein dealt with are not properly before the Court, because nowhere in the language of the respondent's demurrer is any reference made to the Constitution.

It is true that the language of the demurrer does not refer to the Constitution. And the demurrer might be thought technically defective in the additional respect that it fails to set forth the particular grounds upon which the contentions stated in the demurrer are based. However, as to the constitutional issue, both the complaint and amended answer clearly indicate the constitutional issue presented in the opinion of the Court below, and reading all of the pleadings together, there can be no doubt as to what the purpose of the demurrer was in this respect. And if the demurrer is defective in other respects, the point was not made by appellants' counsel. Good pleading, however, undoubtedly demands a more particular statement of the grounds of demurrer than is set forth in the second to seventh paragraphs of the demurrer in this case (Code, § 459).

With reference to the contention of appellants that the order of the lower Court sustaining the demurrer has the effect of depriving them of a trial of the issues of fact raised by the pleadings, it appears to the Court that the first and second defenses set up in the amended answer, which are not affected by the demurrer, will enable the appellants' to try any issues of fact that may arise under the pleadings The decision of this Court in the case of *Elliott v. Carroll,* 179 S. C., 329, 184 S. E., 92, shows the wide latitude given to defendants in respect to the amendment of their answers if in the course of the litigation, before trial, it is found necessary to extend the scope of the answer originally filed, and, of course, this decision would apply with full force to the portion of the answer remaining in this case, if it should later develop that issues of fact intended to be raised in the defenses that are stricken out of the ruling on the demurrer should be raised in some other form.

The appeal from the order of the Circuit Judge respecting the contents of the transcript of record is rendered immaterial by the rulings we have made on the merits.

Affirmed and the cause remanded.

Mr. Chief Justice Stabler, Messrs. Justices Bonham and Fishburne and Mr. Acting Associate Justice A. L. Gaston concur.

Mr. Justice Bonham (concurring) : I concur that this Court is bound by its decision in the case of *Holt v. Calhoun et al.,* 175 S. C., 381, 179 S. E., 501. With that case still of force, I am constrained by the opinion declared in it to concur in Mr. Justice Baker's opinion in the present case.

## On Petition for Rehearing

*Per curiam.*

The appellants' petition for rehearing presents no issues that were not fully considered and passed upon by the Court, but because of the earnestness with which the matter is presented, and the importance of the issues involved, the Court deems it proper to say that the petition has been carefully considered, and that no reason appears why the conclusions already stated should be changed.

The writer of this Court's opinion was not informed, until after the opinion was filed, that an order had been made in the cause granting permission to counsel on either side to review or criticize any former decision of this Court affecting the disposition of the present case, and therefore the opinion filed is incorrect to the extent that it states that appellants, in attacking the case of *Holt v. Calhoun,* 175 S. C., 481, 179 S. E., 501, and asking that the same be overruled, failed to comply with Section 2 of Rule 8 of this Court. But as set forth in the opinion, this assumed lack of permission did not affect the disposition of the case by the Court. As there stated, this Court, "recognizing the importance of the questions presented, has given full consideration to the arguments of counsel which seek a decision herein that would in effect overrule that case."

Independently of the question whether the rulings in the *Holt case* and in prior decisions of this Court cited therein relied upon are sound, the fact is that in the present situation

both the people of the state, through the adoption of the 1935 constitutional amendment, and the Legisilature, by the ratification of such amendment, clearly acted upon the law as declared in the *Holt case;* thus to the natural reluctance of this Court to disturb a rule of decision that has been followed over a course of years is added the consideration that such rule of decision in a large sense has been recognized in the fundamental law of the State.

The concern of the appellants that their counterclaims ██ ██ may be barred on the merits, independently of the constitutional problems, does not appear to be at all warranted. These counterclaims, as at present formulated, unmistakably rest upon views of the constitutional and statutory law of the State which are contrary to the decision filed. If counterclaims exist independently of such constitutional and statutory considerations, the procedure by amendment will afford the appellants every needed remedy; nor is there anything involved in the opinion filed which, upon a proper state of facts, would bar the institution of an independent action on the subject-matter of such counterclaims, should the adoption of that course be found desirable.

Suffice it to add that the Court's decision is limited to the facts of the present case. We are dealing solely with the compensation of the county treasurer, and with the disposition of fees that come into the hands of such officer; and then only in relation to such matters prior to the year 1935. The record is quite clear that the recovery in this case by respondent cannot extend beyond the year 1934.

Petition dismissed.

MR. CHIEF JUSTICE STABLER, MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE A. L. GASTON concur.