14656

WILLIAMSBURG COUNTY v. GRAHAM *ET AL.*
.GRAHAM v. WILLIAMSBURG COUNTY

(196 S. E., 547)

*Mr. F. R. Hemingway,* for appellant,

*Messrs. J. D. O'Bryan* and *Philip C. Stoll,* for respondents,

April 4, 1938.

The opinion of the Court was delivered by Mr. Chief Justice Stabler.

These two cases are cross actions, one of which was brought by Williamsburg County against W. R. Graham, its former sheriff, and National Surety Corporation, surety on Graham's bond as such officer, and in which it was sought to recover judgment against ·the defendants for $10,901.91. The complaint alleged that Graham as sheriff had collected money in the amount named and had failed and refused to turn it over to the treasurer of· the county or to Graham's successor in office as required by law. Graham then brought an action against Williamsburg .County, in which he asked judgment against the county for $11,145.30, with interest. He alleged that. this sum of money was due and owing him by the county for "tax .executions and other fees, costs and commissions coming into his hands as sheriff," and to which he was entitled under the general law but of which the defendant county .was endeavoring to deprive him under a special or local Legislative Act (38 Stat. at Large, page 231), approved March 24, 1933. It was further alleged that this special Act "was and is unconstitutional, null and void and ·of no force and effect."

The two cases were consolidated and heard together by Judge Dennis upon the pleadings and a stipulation of counsel representing the parties to the actions. In due time the Court filed its order, in which it was held that the special salary act applying to Williamsburg County alone was un--constitutional and that the sheriff was entitled to recover. In accordance with the stipulation of counsel, therefore, Graham was awarded judgment in the sum of $243.39. From this order the county appealed.

The cases cited and relied on by Judge Dennis in his decree, namely, *Holt v. Calhoun,* 175 S. C., 481, 179 S. E.,

501, and *Salley v. McCoy et al.,* 182 S. C., 249, 189 S. E., 196, undoubtedly sustain the conclusion reached by him, to wit, that the act in question is unconstitutional. The *Salley case,* decided in December, 1936, grew out of a special Act of the Legislature (37 Stat. at Large, page 1390), which deprived the treasurer of Orangeburg County, he being one of those named in the statute, of the fees coming into his hands as such officer and to which he was entitled under the general law. In that case, the constitutionality of such special Act was fully discussed by Mr. Justice Baker, in an able and exhaustive opinion, the conclusion there reached by the Court as to such question being adverse to the contentions of the appellant in the case at bar. As the act before us is practically identical with the special salary Act for Orangeburg County held unconstitutional in the *Salley case,* it follows that that decision is conclusive of the question here raised. Hence, as any discussion of it would necessarily be largely repetitious of what is there said, we deem it sufficient to merely call attention to that decision and the authorities there cited, with especial reference to *Holt v. Calhoun, supra.*

It is also contended by appellant that the Circuit Judge erred (1) in not holding that Graham was estopped from asserting that the Act is unconstitutional, and from claiming the fees of his office in addition to the salary paid him under such statute; and (2) in not finding that respondent waived his right to the fees after accepting the salary and other benefits provided for him and his office. These contentions cannot be sustained. Similar questions were raised and considered in *Salley v. McCoy, supra,* and were there held to be without substantial merit.

It is finally urged that respondent is not "entitled to both his salary and the fees of his office, in case the act in question is held to be unconstitutional," and that the Circuit Judge was in error is not so holding. The contention is that the county should have been given judgment by the Court

below, in view of the conclusion there reached that the special Act was unconstitutional, for the amount of "excess salary and clerk hire received" by Graham over a number of years, in accordance with a submitted statement of appellant's counsel.

This question is not properly before us. As we have said, the case was heard by Judge Dennis upon the pleadings and a stipulation of counsel representing the parties to the actions. This stipulation specifically provided that the amount of Graham's default as sheriff of Williamsburg County was the sum of $10,901.91, with interest thereon at six per cent from January 5, 1937; that the amount of fees and commissions collected by Graham as sheriff of the county, "and paid over to the treasurer of said county, and to which he is entitled to recover in this action, should it be held that * * * he is entitled to the fees and commissions of the sheriff's office, amount to the sum of eleven thousand one hundred forty-five and 30/100 ($11,-145.30) dollars," with interest thereon at six per cent from February 10, 1937; and "that should it be held by the Court that the said W. R. Graham is entitled to the fees and commissions above mentioned, then in such case, he shall be entitled to judgment against Williamsburg County for the difference between the amount of his liability to the county above mentioned and the amount of the county's liability to him above mentioned; it being agreed that the respective claims shall be offset one against the other to the amount of the said W. R. Graham's liability to the county."

Under this agreement of counsel, it is clear that the trial Judge reached a correct conclusion as to the j u d g m e n t awarded; and the appellant is precluded by such stipulation from now raising the question which it seeks to have this Court decide.

The judgment of the Court below is affirmed.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.