14744

GAMBLE v. CLARENDON COUNTY *ET AL.*, COUNTY BOARD OF COMMISSIONERS

(198 S. E., 857)

254

*Messrs. W. C. Davis* and *John G. Dinkins,* for appellants,

*Mr. J. Ingram Wilson,* for respondent,

August 25, 1938.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

This action was brought by J. E. Gamble, as sheriff of Clarendon County, in July, 1937, to recover certain fees and costs which he claimed he was entitled to during the period from March 1, 1931, to February 1, 1935, and which the county had retained, according to the allegations of his complaint, under an unconstitutional statute passed by the General Assembly in 1931 (37 Stat. at Large, 212), and certain supplementary legislation, also unconstitutional. The defendants, in addition to setting up a counterclaim, pleaded thirteen defenses, to eight of which the plaintiff demurred. Judge Sease, who heard the matter, sustained the demurrer, and this appeal followed.

We have given much thought and study to this case. The Circuit Judge held in his decree, *ante*, that the questions made by the defenses demurred to had been decided by this Court adversely to the contentions of the appellants, citing a number of cases in support of his conclusions, including *Holt v. Calhoun*, 175 S. C., 481, 179 S. E., 501, and *Salley v. McCoy et al.*, 182 S. C., 249, 189 S. E., 196. In this, with one or two possible exceptions, we think he was correct. In view of the earnest argument of counsel for appellants, however, that their contentions thereabout can be reconciled with the two cases above named, the Court will give to the questions involved, as stated and argued, such further consideration as may be proper or necessary.

The second question, which we will first notice, is ■ raised by the third exception to that part of the decree sustaining the plaintiff's demurrer to the third and fifth defenses. Under the case of *Salley v. McCoy*, *supra*, this exception was properly disposed of by the Circuit Judge. However, it is here sought to distinguish that case from the one before us, the contention being that the plaintiff there was the county treasurer, and that the State, therefore, was an interested party. While it is true that some things said in the *Salley case*, when taken alone, might seem to lend support to the argument of counsel, we think the real and sound reason for the conclusion there reached, that the Court had jurisdiction of the matter, despite the fact that the claim had not been first presented to the county board of commissioners, and which applies with equal force here, is thus stated in the opinion (page 207): "Plaintiff's claim is in derogation of the Salary Act of 1932 and of the County supply Acts for the years 1931 through 1935. Without establishing the unconstitutionality of these Acts he is entitled to nothing. Obviously this is a matter which requires judicial determination. The county board has no power to decide this question. Special legislation is binding upon it until same is declared to be un-

constitutional. It (the county board) exhausted its authority when it paid to plaintiff the exact amount appropriated for his salary by the county supply acts."

The Court also, citing authority therefor, held that in respect to some matters the county board acts in a purely ministerial capacity, while in respect to others its functions are *quasi*-judicial. It then said: "It seems clear that the plaintiff is entitled to a present judicial determination of his rights. It is foolish to say that the county board has exclusive original jurisdiction of a matter in respect to which its favorable action would be a nullity."

The third assignment of error (Exception 4) is also ■ without merit. The contention of the appellants is that the sections of the Code referred to in their sixth defense are violative of Article 3, Section 34, Subdivisions 9 and 10 of the Constitution, for the reason "that they are not uniform in their operation and do not apply in every county in the State." We think that what was said by the Circuit Judge in his decree properly disposes of this question. We may add, however, that the distinctions made in the general law (sections of the Code) with respect to particular counties, and which are pointed out by the appellants in their brief, do not render the law unconstitutional for the reason as it appears, that while these distinctions or special provisions make the effect of such law different in certain counties, these counties are not exempted from its entire operation. *Nance v. Anderson County,* 60 S. C., 501, 39 S. E., 5. We may also add that it would not be in accord with any apparent legislative intent, as seems to be contended, to hold that the constitutionality of these general laws depends upon the validity of the exemptions made, even if such intent were controlling.

But the appellants urge that if they are wrong in ■ saying that the fee and cost sections of the Code are not valid laws, then, certainly, the special provisions thereof as to Clarendon County are valid exemptions. This issue is fully discussed in the circuit decree,

with citation of authority sustaining the conclusions reached, and we need add but little to what is there said. The argument is that the amendments to the general fee Acts, which the appellants here seek to uphold, are not special laws where a general law can be made applicable, but are only special provisions in a general law, which the Constitution does not prohibit, but allows. It seems clear, however, that these exemptions, if held to be valid, would have the effect of nullifying the constitutional provisions against special legislation, for the result would be to completely destroy the effectiveness of such general laws as to Clarendon County, and for that reason are subject to the same constitutional objections as would apply if such special legislation were an independent Act. In short, if what the appellants are here contending for can be done, all that would be necessary in any case to circumvent the constitutional provisions against special legislation would be to enact such legislation as an amendment to the general law. As was said in *State v. Burns,* 73 S. C., 194, 52 S. E., 960, 961, the language, "special provisions in general laws," should be construed "so as not to practically nullify the purpose of uproot local or special legislation as to certain subjects and to secure general laws thereon having uniform operation throughout the state." And in *De Hay v. Commissioners of Berkeley County,* 66 S. C., 229, 44 S. E., 790, 795: "If, therefore, the force and effect of an Act (whether it be original or amendatory) would be to destroy the provisions of the Constitution as to special legislation, it should undoubtedly be declared unconstitutional."

Complaint is also made that the Circuit Judge erred in sustaining the demurrer to the ninth defense for the reason that the Act of 1931 (37 Stat. at Large 212) was adopted in the Code of 1932 as a part of the general statutory law of the State. The Court is not in accord with this view. We do not think it may soundly be held that Section 5 of Article 6 of the Constitution, in

providing for the codification of the general statutes, has the effect of curing all possible violations of Section 34 of Article 3 of the Constitution, by the expedient of passing an Act declaring the statutes embodied in the Code to be the general statutory law of the State. Furthermore, it is not made to appear that the constitutional authority given to the Legislature for the codification of the general statutes was intended to include the power to collect for such purpose unconstitutional special legislation, whether original or amendatory, and by such Act give to it the force and effect of a valid statute.

It is alleged by the ninth exception that the Court below "erred in sustaining the demurrer to the tenth defense and should have held that the plaintiff was a county officer and that during the period of time referred to in the complaint he was paid all legal compensation to which he was entitled." Judge Sease properly disposed of this question in his decree, and further discussion of it here is unnecessary. While the plaintiff in the recent case of *Graham v. Williamsburg County S. C.,* 196 S. E., 547, sued as the former sheriff of the county, that decision is not applicable here, as the respondent seems to think, for the reason that no such contention was there made.

The first question, which we will now consider, has given us some concern. It is raised by the following exceptions, and was stated in the oral argument of counsel for appellants to be the controlling question in the case:

"1. That his Honor erred in sustaining the plaintiff's demurrer to the second defense; the error being that the defendants were entitled to plead an offset against the plaintiff's claim.'

"2. There being no general statutory law providing a salary for the plaintiff, his Honor erred in holding that the plaintiff was entitled to fees and costs and in addition thereto compensation paid to him under the Act of 1931 and

the subsequent County Supply Acts held by his Honor to be invalid Acts."

The defendants, by their second defense, alleged that they "are not indebted unto the plaintiff in any amount, but on the contrary have paid the plaintiff in full for his services to the county during the period of time claimed by the amended complaint." (Various payments of salary, clerk hire and travel expenses from March, 1931, to January, 1935, inclusive, are here set out.) It was then alleged "that if the plaintiff is entitled to the fees and costs set forth in the amended complaint, which defendants deny, the defendants will be entitled to a credit or set off against the plaintiff's claim in the sum of Twelve Thousand Eight Hundred and Sixty ($12.860.00) Dollars, being the total of the above payments."

The plaintiff demurred as follows: "To the second defense on the ground that it does not set forth facts sufficient to constitute a defense; that the payments of salary alleged therein do not constitute payment to the plaintiff of the fees and costs to which he is entitled under the terms of the applicable statutes of the State of South Carolina, and do not bar or constitute a credit or offset to the plaintiff's claim to fees and costs under the said statutes." Judge Sease, in sustaining this ground of the demurrer, held that "allegations that only a salary has been paid cannot constitute a defense to the complaint," which alleged "that the plaintiff was entitled to certain fees over and above any salary that might be paid him."

The appellants urge two reasons why the set-off contended for should be allowed: (a) That such compensation, if the Acts under which it was paid are held to be invalid, was unlawfully received by the plaintiff; and (b) that it would be "manifestly unfair and unjust," if it should be held that the sheriff is entitled to the fees and costs which he is here seeking to recover, to permit him to retain the compensation which he received over the period of time mentioned.

We think that contention (a) is without substantial merit. It is admitted that before the Act of 1931 was passed the plaintiff, as sheriff of Clarendon County, was paid an annual salary through the regular channels of the county government, as provided for in the County Supply Acts, and that he was also collecting and retaining, at the same time, the fees pertaining to his office, to which he was entitled under the general law. The Act of 1931 deprived him of such fees, and an annual salary, asserted to be in lieu thereof, somewhat increased, was provided for each year in the annual County Supply Bill. But the Act of 1931, under the decisions of this Court, is declared unconstitutional, and the status is thus restored as it existed before the passage of such Act. That is to say, that the plaintiff, during the period of time mentioned, as theretofore, was entitled to any annual salary provided for in the County Supply Bill, as well as to the fees pertaining to his office under the general law. Under the facts stated, it may not soundly be held, therefore, that such salary items were "unlawfully received" by the respondent, or that the county has any legal right to demand them back, when it finds that it could not constitutionally deprive him of the fees to which he was entitled under the general law.

The appellants cite *Coleman v. People,* 58 N. Y., 555; *People v. Fields,* 58 N. Y., 491, and *Wood v. New York,* 73 N. Y., 556, as supporting their contention. These cases, however, under their facts, are easily differentiated from the case at bar.

The suggestion is made that the plaintiff received from the county payments that he would not have received if he had not led the county to believe that they were being accepted by him each year in full payment of his services as sheriff; and that, therefore, he is estopped to reject the county's claim of offset as to these items. It does not appear that the facts of the case lend support to this suggestion. The Act of 1931 was passed for the benefit of the county, and the plaintiff had no choice in the

matter. He was required to take whatever salary was provided for in the annual Supply Bill of the county or get nothing at all for his services. The Act provided that he should turn over to the county treasurer the fees of his office, and that any violation of any of its provisions would be deemed a misfeasance in office and ground for removal therefrom; and, furthermore, any such violation was made a misdemeanor, for which the offending officer, upon conviction, would be subject to a fine or imprisonment, or both. We do not think, therefore, the appellants being charged with knowledge of the fact that the plaintiff, under the provisions of the Act was left with no choice in the matter, that it may soundly be argued that the county was misled by any act of the respondent, as contended. Furthermore, it is doubtful if contention (a) is properly made under the allegations of the second defense of the appellants.

What we have said above in reference to contention (a) applies in part to contention (b). As we have held, the plaintiff lawfully received the salary paid to him annually as provided for in the County Supply Bills. He brings this action, one at law, to recover the fees which were turned over to the county treasurer, and to which he was entitled under the general law. The complaint is based on a liquidated demand, predicated on an itemized statement. Under the admitted facts, it is clear that the appellants are not entitled to a legal set-off. In fact, no serious contention is made thereabout. We think also, upon full consideration, that the same conclusion must prevail as to an equitable set-off. No equities are disclosed which entitled the appellants thereto; and while the case of *Salley v. McCoy, supra,* is not conclusive of the issue, it tends to support the contentions of the respondent. The argument of counsel for the defendants, that it would be unjust not to allow an equitable set-off, is impressive and appealing. However, we may feel about that, the Court cannot, in the circumstances shown, avoid applying the legal principles which are applicable to this case. In short, no good

reason appears why such principles should not be applied. It would not be good law to say that such an offset is allowable because the salary was paid under a mistake on the part of the county as to its being in full settlement for the services rendered by the sheriff, for such mistake would be one of law or a unilateral mistake of fact, either of which would prevent its having any legal effect; and any argument that it may properly be held that the payments made to the sheriff were payments on account of the compensation to which he was legally entitled, namely, the fees of his office, does not appear to be sound, either in law or in fact. What we hold with reference to the payment of salary items, also applies to the items for clerk hire and traveling expenses.

For all of the foregoing reasons, we think that Judge Sease correctly sustained the demurrer to the second defense of the appellants.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.

MR. JUSTICE BONHAM concurs.

MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE WM. H. GRIMBALL concur in part and dissent in part.

MR. JUSTICE CARTER did not participate on account of illness.

MR. JUSTICE BAKER (dissenting).

I am unable to concur in the opinion by Chief Justice Stabler in this case insofar as it sustains the demurrer to that portion of the second defense which pleads a credit or offset to respondent's claim to fees and costs to the extent of the salary paid him.

The extension of the principles of the *Salley cases, Salley v. McCoy* 182 S. C., 249, 189 S. E., 196; *Salley v. McCoy,* 186 S. C., 1, 195 S. E., 132, to the problems presented by the second defense in this case will open up a flood of litigation that may involve enormous liabilities on the part of the various counties in the State—liabilities that

are without any moral foundation. My opinion is that the *Salley cases* have no application and that in the present case the county has a right of offset. This defense presents a question that is not touched by any of the previous decisions of the Court.

The writer of the two opinions in the *Salley cases,* had in mind the possibility that the import of those cases might suggest the contention that the principles therein declared are applicable in a wider range than was intended, and to guard against any possible misapprehension on that subject, care was taken in both cases to expressly limit the effect of the opinions.

In the first of the two cases the concluding paragraph of the opinion on the motion for rehearing includes the following (page 216) : "Suffice it to add that the Court's decision is limited to the facts of the present case. We are deaing solely with the compensation of the *county treasurer,* and with the disposition of fees that come into the hands of such officer * * * ." (Italics added.)

Even more specific, though dealing with the precise point covered by the above quotation, was the following statement: "As hereinbefore stated, the action was brought by the respondent to recover salary items and tax execution fees, which he alleges are due him under the provisions of Sections 2700 and 2854 of the Code." (195 S. E., 134.)

In the present case we are dealing with a claim by a *sheriff.* Section 2700 of the Code is a statewide Act providing the salaries for certain county officers. The sheriff is not one of these. Section 2854 deals with the execution and other fees due the treasurer *and* the sheriff.

There is no statewide statute in South Carolina providing for or relating to the salary of the sheriff and no constitutional provision touches that subject, though the office is created by the Constitution.

Accordingly, when it was held in the *Salley cases* that the treasurer could recover the portions of his salary which the county had attempted to take away from him by the

annual Appropriation Acts, we were dealing with a situation in which special local laws were attempting to cut down the salary of the treasurer in derogation of the general law on that subject. We merely applied the constitutional principle that the Legislature cannot by a local law change the general law of the State respecting the same subject matter.

The annual Appropriation Bills for Clarendon County provide a fixed salary for the sheriff. The general laws of the State providing for the payment of the sheriff of the fees and costs now in question each contains a provision requiring the payment of the fees and costs in Clarendon County to the county treasurer. The annual Appropriation Acts and these attempted exemptions of Clarendon County from the general law, relating to the sheriff's compensation, must be read together. As so read, we have the equivalent of a local Act fixing a salary, and providing for the payment of the fees of the office into the county treasurer. Starting with this proposition, no question arises in the present case as to the amount of salary received by the sheriff; the whole problem shapes up thus:

Under the general law of the State the sheriff was entitled to certain fees. There was no general law relating to his salary. The county, by annual Appropriation Bills, undertook to limit the sheriff's compensation to a salary designated therein. Under the *Salley cases,* this limitation did not deprive the sheriff of his fees. But he accepted the salary with full knowledge that it was tendered to him in full payment for his services. Since he is not bound (under the *Salley cases*) by this Act on his part and can still recover the fees provided by law, he has nevertheless received from the county payments (denominated salaries) that he would not have received if he had not led the county to believe that the salary payments were being accepted by him each year in full payment for his

services as sheriff. He is estopped to reject the county's claim of off-set of the salary items.

We are not here dealing with the question whether, by accepting the salary, he is estopped to claim fees. On the contrary we admit his right to the fees. But having caused the county to pay him an annual salary in the belief that he was accepting the same in full settlement, this salary should at least be credited against his fee claims by way of offset as set up in the second defense.

This holding does not touch the *Salley cases* at any point. It amounts merely to a decision that an officer whose claim to salary is dependent exclusively on special local laws which provide that the salary shall be in full of all claims, may not take the salary with full knowledge of the belief of the county that he will accept the same in full payment and *thereafter* when a large amount of fees has accumulated, raise for the first time the contention that he is entitled to both salary and fees.

If the sheriff had refrained from taking his monthly salary on the ground that he was not willing to accept the same in lieu of fees, and had brought a suit to have it adjudicated that he was entitled to his salary without barring his right to the fees, would we have given him such an adjudication? Would we not have held that since the matter of salary is wholly within the control of the Legislature, a condition attached to the salary would follow the payment of the salary at least to the point of creating an estoppel?

It might not be good law to say that the offset is allowable because the salary was paid under a mistake on the part of the county as to its being in full settlement, for that might be a mistake of law or a unilateral mistake of fact, either of which views would prevent the mistake from having any legal effect. But that is an entirely different question from the question of estoppel upon which I would rely.

Aside from the ·technical doctrine of estoppel, it is sound to treat the salary payments from the angle of payments on account of the ·legal compensation to which the sheriff is entitled by way of· fees, etc. If the exemption of Clarendon County in the statutes providing for the payment, of fees to the sheriff is unconstitutional, then both the salary provision and the exemption should be stricken out at one time because it was the obvious intention of the Legislature that the provision as to fees and the salary allowance should both stand. They are inseparably interwoven in the legislative doctrine. And when the pertinent provisions of the annual Appropriation Acts are thus eliminated, we have. the simple case of payments received by the sheriff on account of his compensation which can have no other status than payments on account of the compensation to which the sheriff is legally entitled, to wit, the fees that are now in question.

I feel that on the above two grounds, the demurrer to the second defense should be overruled, as far as the salary items therein set forth are attempted to be off-set.

The above does not conflict with the holding in the *Salley* *cases* where this· Court held that an officer could not be estopped from claiming the legal fees to which he was entitled. ·

Mr. Justice Fishburne and Mr. Acting Associate Justice Wm. H. Grimball concur.