14770

RIDGILL v. CLARENDON COUNTY *ET AL.*

(199 S. E., 683)

*Mr. Charlton DuRant,* for appellant-respondent,

*Messrs. W. C. Davis* and *J. G. Dinkins,* for respondents-appellants,

November 15, 1938.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The General Assembly, by an Act approved Feb. 25, 1931, 37 St. at Large, page 13, abolished the office of Judge

of Probate for Clarendon County, and all of the duties pertaining to the Court of Probate for Clarendon County were devolved upon the Clerk of the Court of Common Pleas and General Sessions for that county, and the said clerk was given jurisdiction in all matters testamentary, administrative, business pertaining to minors, and the allotment of dower, in cases of idiocy and lunacy, and to all business pertaining to persons *non compos mentis,* and all other duties, matters, or jurisdiction pertaining to the said office now exercised by the Probate Judge of Clarendon County.

The plaintiff, as Clerk of Court, assumed and discharged the duties of the Probate Court from March 1, 1931, to January, 1935.

By an Act passed by the General Assembly and approved March 6, 1931, 37 St. at Large, page 13, the Clerk of Court was required to turn over all fees collected by him, acting in the place and stead of the former Probate Judge, to the treasurer of the county to the credit of the ordinary funds of the county. This he did.

By other Acts of the Legislature, the Clerk of Court and the Register of Mesne Conveyances for Clarendon County were required to turn over to the treasurer of the county the costs and fees allowed them theretofore by the statutes of the State.

The plaintiff—styled in this appeal appellant-respondent, but whom we shall call plaintiff—brought his action in July, 1937, as Clerk of the Court of Clarendon County, to recover, additional compensation claimed for the years 1931, 32, 33, 34 and 35. That is to say, he seeks to recover the sums of the costs and fees which, within the dates named, he had collected as Clerk of the Court, Register of Mesne Conveyance and in the discharge of the duties of the Court of Probate, and which he had turned over to the treasurer of the County.

The defendants answered, setting up the various defenses that the claims for the fees collected as Register of Mesne

Conveyance and Clerk of the Court for Clarendon County are predicated upon Sections 4923 and 4924 of the Code of 1932 which defendants allege are in violation of Article 3, Section 34, Subdivisions 9 and 10, Constitution, 1895.

They further answered that the basis of the claim for the fees collected by the plaintiff as Judge of Probate is Section 4942, Code 1932, which section is repugnant to and in violation of Article 3, Section 34, Subdivisions 9 and 10, Constitution of 1895.

In other words, the issue thus made is that the Acts of the Legislature embodied in these sections of the Code are special laws, where general laws could have been made.

Defendants further answered, that the Act of February 25, 1931, which abolished the office of Probate Judge for Clarendon County and devolved the jurisdiction and duties of that office upon the Clerk of the Court, provided no compensation to the Clerk for such additional duties, but required that the charges, fees, costs, etc., formerly allowed the Judge of Probate, and collected by plaintiff, as Clerk of Court, should be paid to the treasurer of the county to be credited to the ordinary funds of the county.

For a fifth defense, they allege that plaintiff was interested in having the office of Judge of Probate for Clarendon County abolished, and approached the legislative delegation of the county on the subject and offered to perform the duties of that office as clerk.

For a fifth defense, they allege that plaintiff was interested tiff was collecting fees, costs and commissions as his compensation as Clerk of Court, Register of Mesne Conveyance and Acting Probate Judge, he paid his own help and clerical hire; but since the abolition of the fee system in Clarendon County, the county has paid him the sum of $4,528.57 for clerical help, which should be deducted from any sum allowed him herein against the county.

For a seventh defense, they deny that the sum set out in the claim is correct, but allege that within that time plaintiff

was paid the sum of $13,597.09, which they are entitled to have credited against that amount.

For an eighth defense, that the claim for compensation for services rendered during March, April, May, June and July, 1931, is barred by the Statute of Limitations.

For a ninth defense, they deny that the various Acts passed in 1931 and now appearing in the Code of 1932, pertaining to the county government of Clarendon County, which placed all county officials of that county on a salary basis, are violative of the constitutional provisions or the law as laid down by our Courts.

For a tenth defense, they allege that at the time the plaintiff collected and turned over to the county treasurer the sum of $152.85 for services rendered between April 20 and May 17, 1935, there was in existence a constitutional amendment which authorized the Legislature to enact special laws fixing the compensation of county officers, and this had been done.

For an eleventh defense, that plaintiff is not entitled to recover $26.00 for bank charges alleged to have been paid by him.

For a twelfth defense, they allege that Clerks of Court are county officers and, there being no general law fixing their compensation, the Legislature had power under Article 7, Section 11, Constitution of 1895, to fix such compensation.

The plaintiff demurred to the second, third, and fourth defenses on the following grounds:

1. That plaintiff's claim for fees and costs is based on any pertinent and valid statute relating to fees and costs whether contained in the sections of the Code therein mentioned or not.

2. That plaintiff demurs to the fifth defense of the defendants on the grounds:

First: That there is no allegation that any offer or promise of the plaintiff to the county delegation was transmitted to

or acted upon by the General Assembly in the enactment of the legislation referred to.

Second: That there is no allegation that the county delegation or the General Assembly would not have enacted the statute or statutes therein mentioned except for the promises or representations alleged to have been made by the plaintiff.

Third: That any secret or private agreement between the plaintiff and the General Assembly or any members thereof which was designed to and did influence legislation in regard to the Judge of a responsible Court and who should be elected to that position, and what compensation he should receive would have been void as against public policy, and can furnish no ground upon which to refuse payment of any costs and fees duly owing the plaintiff.

All issues of law were argued before Judge Sease.

Before the hearing, the plaintiff amended his complaint by withdrawing the claim for bank and lunacy charges, and his claim for all amounts paid over to the treasurer prior to July 15, 1931.

December 14, 1937, Judge Sease filed his order, by which he sustained the demurrer to the second and fifth defenses. He overruled plaintiff's demurrer to the defense set up in Paragraph II of the third defense, that the Act which abolished the office of Probate Judge and devolved the duties and the jurisdiction of the Probate Court on the Clerk of the Court provided no compensation for such additional duties. He held, "that the plaintiff-Clerk is entitled to no compensation for the duties performed by him as acting Judge of Probate, and at all events his claim must be reduced by the sum of $3,309.65 claimed by him for services rendered by him in that abolished office, even if I am in error in holding invalid the sections of the Code upon which his claim is based."

Both parties appeal from this order. Each upon several exceptions, but in the opinion of this Court the two cardinal

questions made by these various exceptions, which will decide the case, are these:

First, as made by plaintiff's exceptions: Is there any general or special valid law or statute which authorizes and sustains plaintiff's claims to the fees and costs which he collected while acting as Probate Judge, and which he turned over to the treasurer of Clarendon County?

Second, as made by the defendant's exceptions: Was the Circuit Judge in error in holding that Sections 4923, 4924, and 4942 of the Code of 1932 are valid general laws of the State?

The Circuit Judge says in his order: "The defendants then answered, alleging that certain sections of the Code were unconstitutional, and the plaintiff demurred to this defense —so that the question for the Court now to decide is what statutes, if any, are valid, fixing the compensation of the Clerk of Court of Clarendon County?"

The Circuit Judge, in his order which denies the plaintiff's claim to the fees and costs which he collected as acting Probate Judge, said this: "There also can be no doubt that where compensation is claimed for the performance of official duties the officer must be able to support his claim by pointing to some provision of law authorizing it, and the absence of any provision for compensation carries with it the implication that the services of the incumbent are to be rendered gratuitously."

It may be admitted that this postulate is a correct statement of law, if applied to the appropriate facts or conditions. For instance, if one is elected or appointed to an office or position just created and there is in the Act creating the office no provision for compensation and no general law covering the case, then the implication might arise that it was not intended that compensation should be made for the performance of the duties of that office. But if the office be one already established with well-defined duties, responsibilities and jurisdiction, and the discharge of

the duties, and the assumption of the jurisdiction and responsibilities of the office are devolved upon another, who holds another office of grave responsibilities and onerous and exacting duties, it is a logical implication that the emoluments and compensation attached to the abolished office still attach to the office to which its duties have been transferred. It may well be inferred that since the Act which abolished the office of Probate Judge did not specifically name any compensation for the Clerk of Court as acting Judge of Probate that the General Assembly did not deem it necessary to do so, as the office already carried with it the costs and fees fixed by the statute.

It must be borne in mind that the Act does not abolish the Court of Probate for Clarendon County it abolishes the office of Probate Judge for that county; but it devolves the duties and jurisdiction of that office on the Clerk of Court.

In the case of *Bradford v. Richardson*, 111 S. C., 205, 97 S. E., 58, Mr. Justice Hydrick for this Court said [page 61]: " * * * The words 'court' and 'judge' are often used indiscriminately and interchangeably. We often speak of the 'court', when we mean 'judge,' and *vice versa.* Therefore, in construing the act, we must consider, not only the words used, *but the power conferred and the duty to be performed, in the light of the purposes of the act; and when, from these considerations, it is manifest that the Legislature meant the one or the other, that construction will be adopted which gives effect to the legislative intent."* (Italics added.)

Judged by this sound rule, it is patent to our intelligence that the Legislature intended in the Act abolishing the office of Probate Judge for Clarendon County that the Court of Probate should continue and that its duties should be performed by, and its jurisdiction and responsibilities assumed by the Clerk of the Court. At the time of the passage of the abolishing Act, there was attached to the performance of the duties of that Court compensation by way of costs and fees which the Judge of Probate collected

and used. The Legislature undertook to continue to collect these fees and costs by the hand of the Clerk of Court, as acting Judge of Probate, but it required him to pay them over to the treasurer of the county to the credit of the ordinary funds of the county. Clearly it did not intend to, and did not, abolish the fees and costs, it intended that they should still be collected as a part of the duties of the Clerk of Court, as acting Judge of Probate. The plaintiff did this and turned over the fees and costs so collected to the county treasurer. Now the Act by which this was required to be done has been held to be unconstitutional. *Salley v. McCoy,* 182 S. C., 249, 189 S. E., 196; *Gamble v. Clarendon County, S. C.,* 198 S. E., 857, filed August 5, 1938; *Holt v. Calhoun,* 175 S. C., 481, 179 S. E., 501.

If the clerk as such acting Judge of Probate had no legal power or authority to collect these funds, he had no authority to turn them over to the treasurer of the county. Nevertheless, the county has these funds to which, if its contention be true, it has no right. The contention is illogical and untenable.

The fact that the abolishing Act does not specifically say that the Clerk of the Court, who must perform the duties of the abolished office, shall have the same compensation therefor, is not, we think, open to the implication that the clerk should perform the additional duties without compensation.

The order of the Circuit Judge holds that the plaintiff fails to point to any provision of law which authorizes it. We think this is error. Section 3600, Code, 1932, provides that: "In case of any vacancy in the office of judge of probate, the clerk of county shall take charge of said office, and all papers therein, and discharge the same duties, *receive the same. fees,* and be subject to the same liabilities, as by law provided for a judge of probate, until a judge of probate shall be appointed by the Governor or elected and commissioned for such county." (Italics added.)

The provisions of Section 3642 of the Code are to the same effect as those of Section 3600.

The Judge of Probate for Clarendon County resigned, and the Clerk of the Court took charge of the office and discharged its duties and collected the fees. Instead of procuring the appointment by the Governor of a successor to the resigned Judge of Probate, or of proceeding to the election of one, the legislative delegation for the county secured the passage of the Act which abolished the office of Judge of Probate and devolved the duties of the office on the Clerk of Court. The vacancy already existed and the Clerk was already discharging the duties thereof, and colecting the fees and costs attached to the office.

It seems the refinement of technicality to say that the Act changed the status of the Clerk of Court as acting Probate Judge, and abolished the fees and costs attached to the office.

It was error so to hold.

This brings us to the question of principal consequence made by the defendants' exceptions, as we have stated, viz.:

Was the Circuit Judge in error in holding that Sections 4923, 4924 and 4942 of the Code of 1932 are valid general laws of the State?

His order thus stated the issue: " * * * The defendants contend that all of the Code sections as to compensation of Clerks of Court have exceptions affecting certain counties, and that these sections, in effect, are local or special statutes and hence the entire sections are void, and as the Code contains the entire statutory law of the State there were no valid laws in effect fixing the compensation of the Clerk of Court, hence he cannot recover. The plaintiff, on the other hand, contends that the exceptions are void and should be disregarded by the Court as surplusage and the remainder of the sections sustained."

In the case of *Nexsen v. Ward*, 96 S. C., 313, 80 S. E., 599, the Court *en banc* laid down this rule for construing

the Code [page 601]: "* * * 'It is further contended by plaintiff in error that the embodiment in the Code of an unconstitutional law is an error which the Legislature did not intend to sanction by its Act adopting the Code. If the infirmity of the Act relates to matter upon which the Constitution prohibits any legislation at all, of course the Act would be void, it matters not where found, nor how often adopted. Where, however, the defect is not inherent in the subject-matter itself, but relates simply to its manner of passage under a defective title, it is, of course, permissible for the Legislature to re-enact the measure under a proper title.' "

In the case of *People's Bank v. People's Bank,* 122 S. C., 476, 115 S. E., 736, the question arose whether Section 1356, Code 1912, which regulated the registry or record of chattel mortgages of crops was unconstitutional because it exempted certain counties from its provisions. The decree of the Circuit Judge, which was affirmed by this Court, said [page 737] : "But even assuming that the section as it stands including the proviso is unconstitutional as being obnoxious to Subdivision 11, § 34, Art. 3, it is clear that this result is achieved only by means of the proviso. Without this the section stands as a general law, applicable in every county of the state. Where one section of the statute may be stricken out as unconstitutional, leaving the remainder valid, the Court will always adopt such a course, provided the remainder of the statute is a connected and consistent whole. *State v. Burns,* 73 S. C., 194, 52 S. E., 960."

The *People's Bank case, supra,* also cites the following from the case of *Murph v. Landrum,* 76 S. C., 21, 34, 56 S. E., 850, 854:

" 'It would be inconsistent with all just principles of constitutional law to adjudge these enactments void because they are associated in the same act, but not connected with or dependent upon others which are constitutional; when, therefore, a part of a statute is unconstitutional that fact

does not authorize the Court to declare the remainder void also unless all the provisions are connected in subject-matter depending on each other, operating together for the same purpose. * * * The constitutional and unconstitutional provisions may even be contained in the same section, and yet be * * * separable.' "

The Court further said in the *People's Bank case, supra:* "In solving the question of constitutionality, the courts will indulge every reasonable presumption and solve every reasonable doubt in favor of the statute." Citing *Thomas v. Spartanburg Railway. Gas & Elec. Co.,* 100 S. C., 478, 481, 85 S. E., 50, 51.

We think his Honor, the Circuit Judge, was justified in his holding that: "Without itemizing the various statutes, as they are numerous, it will be found that the sections of the Code in question originally were general in their terms and applied to all Clerks of Court. The various amendments which constitute local and special laws and which were invalid under the cases of *Salley v. McCoy* and *Holt v. Calhoun, supra,* did not change the law because they were invalid from the beginning. The Code commissioner was right in including them in the Code. But when they were enacted in the Code we had a re-enactment of valid statutes which applied to all the clerks in the State, and the re-enactment of the unconstitutional and void amendments which would except various counties. The inclusion of these unconstitutional and invalid exceptions in the Code were violations of Article 3, Section 34, Subdivision 9, and the exceptions were and are void, and the respective sections are valid as affecting all the counties of the State."

The sections of the Code especially involved in defendant's exceptions and covered by the order of the Circuit Judge are Sections 4923, 4924 and 4942.

These sections as construed by his Honor, Judge Sease, with whose conclusions we are in accord, furnish the ground for holding that as Clerk of Court,

Register of Mesne Conveyance, and acting Judge of Probate the plaintiff was entitled to the fees and costs which he collected from these several offices and paid over to the treasurer of Clarendon County, for which he sues.

The exceptions of the plaintiff are sustained. Those of the defendants are overruled. The case is remanded for further action in accordance with the views herein expressed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.