14894

BOGGS, AUDITOR, v. O'DELL *ET AL.*

(3 S. E. (2d), 486)

*Messrs. W. A. Bull, B. A. Chapman* and *G. G. Christo-pher,* for appellant-respondent, A. J. Boggs, Jr.,

*Messrs. Mann & Mann,* for appellants-respondents, T. R. O'Dell and others,

June 9, 1939.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

It appears from the record that the plaintiff was auditor of Pickens County from March 2, 1929, to March 2, 1937, a period of eight years. As such former auditor, he brought this action under Section 4960, Code of 1932, to recover 25¢ for every deed entered and endorsed by him as such officer during that time. He alleged that he was entitled to these fees under the section of the Code named, but that they were retained by Pickens County and used by it as general funds in violation of law.

By their answer, the defendants as officers of the county denied that they owed the plaintiff anything as claimed by him; and for a defense, by way of counterclaim, alleged: "That from year to year even though salary of this plaintiff was fixed by the county supply Bill at an amount certain, this plaintiff by vouchers collected from the county moneys in excess of the amount due him on his salary in the sum of Four Hundred Fifty-four and 34-100 ($454.34) Dollars and that said defendants are entitled to a counterclaim against the plaintiff and to have these moneys paid to the said defendants as officers of Pickens County, that said sum

of moneys was unlawfully collected by the plaintiff and are withheld from Pickens County by him."

According to "statement of case," although no such question is raised by the pleadings, it was agreed between counsel representing both parties that the plaintiff's claim against the defendants for an alleged balance of salary due him by the county under Section 2700 of the Code of 1932 should be considered in this action.

By consent of counsel, the case was referred to E. P. McDaniel, Clerk of Court, to take the testimony. An audit of its records introduced in evidence showed that the county paid the auditor as its part of his salary during the period of time named the total sum of $4,352.40; but that had the salary been paid under Section 2700 of the Code, as plaintiff claimed it should have been, it would have amounted to $5,652.74, a difference of $1,300.34. The audit also showed that the fees which Boggs alleged were due him under Section 4960 of the Code amounted to $1,069.50. There is no dispute as to the correctness of these figures.

Upon the filing of the report, the matter was heard by his Honor, Judge Oxner, who rejected the claim of the plaintiff that a balance of salary was due him by the county, but gave judgment in his favor on the issue of fees in the sum of $1,069.50. Both sides appealed from his order, the plaintiff from the disallowance of any balance of salary, and the defendants from the granting of the claim for fees, and in "not allowing or passing on the counterclaim." In order to avoid confusion, we will refer to the respective parties as plaintiff and as defendants.

The several questions presented by the appeals do not require any lengthy discussion, as they have been passed upon by this Court in several of its recent decisions. The exceptions, however, will be considered. The Circuit Judge held that the Act of 1922 (32 Stat. at Large, p. 910), providing for the compensation of county officers and employees of certain counties, was a special Act where

a general law could be made applicable, and was unconstitutional for that reason. By Exception 1, the defendants challenge the correctness of this holding; but we think it is sustained by the decided cases. See *Salley v. McCoy,* 182 S. C., 249, 189 S. E., 196; *Graham v. Williamsburg County, S. C.,* 196 S. E., 547; *Gamble v. Clarendon County,* 188 S. C., 250, 198 S. E., 857; *Ridgill v. Clarendon County,* 188 S. C., 460, 199 S. E., 683; *Wallace v. Sumter County,* 189 S. C., 395, 1 S. E. (2d), 345. The defendants also say that the Act of 1922 was authorized by the constitutional amendment of 1921 (32 Stat. at Large, p. 191), but an examination of the case of *Salley v. McCoy, supra,* 182 S. C., 268, 189 S. E., 196, will disclose that this contention is without merit. By their second exception, they allege that the Circuit Judge, in any event, erred in including in the allowance made fees accruing after the ratification of the constitutional amendment of 1935, as that amendment authorizes the fees to be paid to and retained by the counties. We are not in accord with this view. It is true that an amendment to the Constitution, vesting the General Assembly with power to enact special laws fixing the compensation to be paid county officers and the payment into the county treasury of all fees collected by such officers, was ratified in 1935 (39 Stat. at Large, p. 24), but no law making provision therefor as to Pickens County was enacted until 1938 (40 Stat. at Large, p. 1826). The trial Judge, therefore, properly held that the plaintiff was entitled to his fees throughout the entire time that he was in office—that is, until March 2, 1937.

As to the counterclaim set up by the defendants, it is contended that Judge Oxner erred in not allowing or passing upon same, the specification of error being "that the defendants had pleaded by way of answer this counterclaim, the amount not being disputed by the plaintiff." When the witness Garrett, who made the audit of the records of the county referred to, testified that the plaintiff had been overpaid his salary by $454.34, he was referring,

as the record discloses, to the total sum actually paid Boggs in excess of the amount fixed during his term of office by the annual county supply Bills. Under the decisions of this Court, the trial Judge was entirely correct in rejecting the counterclaim. The amount that the county was due to pay the auditor each year as its one-third part of his salary was determinable, not from the amount appropriated for that purpose in the annual county supply Bills, but by the amount fixed as his salary by the permanent law, as amended by the yearly general appropriation Acts during his term of office. There was no error, therefore, as complained of.

As to balance of salary claimed by plaintiff under Section 2700 of the Code of 1932, he contends that this is a permanent general statute, and provides a fixed salary of $2,750.00 for the auditor of Pickens County, of which the county is compelled to pay one-third and the State two-thirds; and that the Circuit Judge erred in disallowing the balance of salary claimed, as "the amount of salary to be paid by the county was not reduced by the State appropriation Acts for the years 1931, 1932, 1933 and 1934, as any such attempted reduction by these Acts would be unconstitutional." Section 17 of Article III of the Constitution of 1895.

The contentions of the plaintiff, as was held below, find no support in the decisions of this Court. See *Plowden v. Beattie, Comptroller General,* 185 S. C., 229, 193 S. E., 651; *Salley v. McCoy, supra; Wallace v. Sumter County et al., supra.* His counsel, apprehending that the decision in the *Wallace case* is not favorable to the position taken by them, asked and received the permission of the Court to review or argue against that decision, with the view of having same modified or overruled in certain respects. No good reason has been made to appear, however, why this should be done.

As is seen, the plaintiff's claim for balance of salary was based strictly on Section 2700 of the Code, without reference to any amendments thereto made by the State appro-

priation Acts. In finding against him, the Court below, however, properly considered the point that his salary as fixed by that section was subsequently reduced by the appropriation Act of 1931 (37 Stat. at Large, p. 950), and such subsequent Acts. The Court, therefore, could have determined whether there was any unpaid balance of salary which plaintiff was entitled to receive from the county, and, if any, given judgment therefor. This, however, was not done; and while we might send the case back for the purpose of having such amount determined, we think that we may now, under the facts and the law, dispose of the matter. In doing so, this Court will take judicial notice of Section 2700 of the Code and the amendments thereto; the record showing the amount of salary actually paid the auditor by the county during his two terms of office. We find that, under Section 2700 of the Code as amended, the plaintiff, as auditor of Pickens County, was paid by the State during the time that he was in office, as its part of his salary, being two-thirds of the amount that he should have received, the sum of $8,898.70; that the county should have paid him, as one-third of his salary for that period of time, the sum of $4,449.35. The amount that the county did pay him, as shown by the undisputed evidence, was $4,352.40. It is due and owing him, therefore, as unpaid salary, the sum of $96.95, for which he should have judgment against the county, in addition to the judgment rendered in his favor for the fees to which he was and is entitled.

The judgment of this Court is:

1. As to the question of fees, that the judgment of the Circuit Court in favor of plaintiff for $1,069.50, be, and hereby is, affirmed.

2. As to the question of balance of salary due plaintiff by the county, that the judgment of the Circuit Court be, and hereby is, reversed, and the case remanded to that Court with instructions to enter up judgment in favor of plaintiff for $96.50 under Rule 27 of this Court.

And it is so ordered.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE E. C. DENNIS concur.

MR. JUSTICE CARTER did not participate on account of illness.