14827

SMITH, COUNTY TREASURER, v. GREENVILLE COUNTY

(1 S. E. (2d), 502)

*Mr. Wilton H. Earle,* for appellant,

*Messrs. Price & Poag* and *W. A. Bull,* for respondent,

February 27, 1939.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The respondent is the treasurer of Greenville County. He brings this action to recover the fee of one dollar for each tax execution issued by him, as treasurer, against de-

faulting tax payers, during the years 1931-36, and which were collected and paid to Greenville County from May 1, 1937, to June 1, 1938.

The respondent brought another action against Greenville County in which he recovered judgment for the fees on tax executions issued by him as treasurer for delinquent taxes which were paid prior to May 1, 1937.

In the present action plaintiff had a directed verdict for the amount claimed; hence this appeal.

The questions involved in the appeal are, practically all of them, controlled by the decision of this Court in the case of *Wallace v. Sumter County et al.,* 1 S. E., 2d, 345, in which the opinion was filed February 13, 1939. We are content to rest the decision of the present case upon the conclusions reached in the excellent opinion written by Mr. Justice Baker in the *Wallace case.*

Practically the only issue on which the appellant in this case lays any stress is that the county should have been allowed to offset the salary paid respondent by the county during the years 1937 and 1938, against any fees due the plaintiff.

It would seem to be sufficient answer to say that it is established by the *Wallace case, supra,* and the case of *Gamble v. Clarendon County,* 188 S. C., 250, 198 S. E., 857, and *Salley v. McCoy,* 182 S. C., 249, 189 S. E., 196, that the fees for which plaintiff makes claim which were earned long before the salaries were paid, were vested rights of which the claimant could not be deprived. To do so would be in violation of State and Federal Constitutions, Const. S. C., Art. 1, § 8; U. S. C. A. Const. Art. 1, § 10, which declare that vested property rights cannot be impaired or defeated by any *contra* right which did not exist at the time the right to the fees became vested.

We think that the trial Court did not err in denying the right to offset.

The judgment of the Court below is affirmed and the appeal is dismissed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.